### WANAMAKER v. BUTLER MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1910.)

1. DISMISSAL AND NONSUIT (§ 73*)—MOTION TO DISMISS—INSUFFICIENCY OF COMPLAINT—ADMISSION OF TRUTH OF ALLEGATIONS.

In considering a motion to dismiss on the ground that the complaint does not state a cause of action, the allegations of the complaint must be taken as true; but the allegations of the answer are not admitted for the purpose of the motion, so that a paper annexed to the answer cannot be considered in determining the propriety of granting the motion.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 167, 168; Dec. Dig. § 73.*]

2. LANDLORD AND TENANT (§ 160*) — ACTIONS — PLEADING—SUFFICIENCY OF COMPLAINT—BREACH OF COVENANT—SURRENDER IN GOOD CONDITION.

The complaint alleged a lease of realty by plaintiff to defendant for five years, with all the appurtenances thereto, and that defendant covenanted in the lease to make all necessary repairs, and to peaceably surrender the premises at the end of the term in as good condition as when leased, reasonable wear and damage by the elements excepted; that defendant did not make necessary repairs, whereby the property depreciated in value, costing plaintiff a large amount for repairs, etc.; and that defendant did not surrender the premises at the end of the term in as good condition as they were at its beginning, reasonable wear and damage by the elements excepted, but in a defective condition not' due to such causes, but to defendant's violation of the covenants of' the lease. Held, that the complaint stated a cause of action for breach of the covenant to surrender the premises in as good condition as they were at the commencement of the term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 612–626; Dec. Dig. § 160.*]

3. LANDLORD AND TENANT (§ 152*) — LEASE — CONSTRUCTION — COVENANT TO REPAIR.

The covenant to make necessary repairs, construed in view of the other covenant and with the terms of the lease, did not leave it optional with defendant to make repairs, but required it to make such repairs as were necessary to keep the property in condition to surrender it in as good condition as it was when leased, as required by the other covenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 540; Dec. Dig. § 152.*]

Appeal from Trial Term, Onondaga County.

Action by Hiram E. Wanamaker against the Butler Manufacturing Company. From an order dismissing the complaint, and from a. judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Wilson, Cobb & Ryan, for appellant.
Edward C. Ryan and John W. Hogan, for respondent.

WILLIAMS, J. The order and judgment should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was upon a written lease, to recover damages for a. breach thereof. The case was moved for trial, a jury called, and the

---

plaintiff opened. Thereupon the motion to dismiss the complaint was made. After some discussion by counsel, the plaintiff asked leave to amend the complaint, which was granted, and thereafter the order appealed from was made. Some evidence was offered by plaintiff, but that was immaterial here, as all the allegations of the complaint as amended were deemed to be true, for the purpose of the motion to dismiss, and the order made thereon. The lease was not set out in, or annexed to, the complaint, and therefore we cannot consider the paper annexed to the answer, and alleged therein to be the lease, as a correct copy thereof. No allegations in the answer are deemed to be admitted for the purposes of the motion made and order granted.

In this complaint as amended it was alleged that a lease was made by the plaintiff to the defendant, dated August 2, 1902, for five years, of real property in the city of Syracuse, with the appurtenances, constituting what had theretofore been the plant and real estate of the Butler Manufacturing Company—the appurtenances consisting of and including buildings on the property, steam fitting, plumbing, gas fitting, all dry kiln apparatus, engine and boiler, pumps and apparatus in engine room, dust collector system, cabinet makers' system of heating boxes, shafting and electric light and gas fixtures, and interior telephones; that in and by the terms of such lease the defendant as lessee covenanted and agreed to make all repairs required or necessary to be made in and around the buildings, premises, and plant, and that he would peaceably quit and surrender the premises at the expiration of the term, in as good state and condition as they were in at the commencement of the term, reasonable use and wear thereof and damages by the elements excepted; that the defendant did not make the repairs required or necessary to be made in and around the buildings, premises, and plant, but, on the contrary, did cause and permit them to be greatly out of repair, as to the steam heating system, the plumbing system, the conductor pipes, gutters, and roofs, the floors, joists, timbers, and supports, the sprinkler system and water tank connected therewith, and did cause and permit the steam system and plumbing system to be and become out of repair, thereby causing water to leak and overflow from said system upon the floors, timbers, joists, and supports of said building, and did cause and permit the gutters, roofs, and conductor pipes to be and become out of repair and in a leaky and dilapidated condition, thereby permitting water to overflow upon and through the building, and did cause the sprinkler system and the tank connected therewith to become out of repair, and in a broken and leaky condition, thereby causing water to overflow upon the building, and did cause and permit the windows of the building and the glass therein to become broken and dilapidated, and to remain in such condition without being repaired; that by reason of defendant's failure to make the repairs so required or necessary to be made the floors, roofs, sleepers, joists, timbers, and supports of the buildings became saturated with water and decayed, and were thereby greatly weakened, and unable to sustain the weight of the buildings, and as a result thereof portions of the buildings and the walls thereof settled and were cracked; that by reason of such failure to make repairs the

property has deteriorated, and its value diminished, and plaintiff has been obliged to lay out and expend large sums of money in making such repairs, and some of the damages so caused still remain unrepaired; that in November, 1906, some time before the expiration of the lease, plaintiff served on the defendant a notice requiring it to make these repairs, and that it would be held responsible for damages if it failed to so repair; that the defendant did not surrender the premises leased at the expiration of the term in as good state and condition as they were in at the commencement thereof, reasonable use and wear and damage of the elements excepted, but surrendered them in a damaged, defective condition, and out of repair, which condition was not due to reasonable use and wear thereof, and was not due to damages by the elements, but was due to the defendant's fault, and in violation of the covenant in the lease, and by reason of the breach thereof plaintiff has sustained damage; and that plaintiff has sustained damage in all $10,000.

The yearly rental was not stated in the complaint. The term expired August 5, 1907. This action was commenced in April, 1908. There were two covenants in the lease which were alleged to have been broken—the one to make necessary repairs, and the other to surrender the premises at the expiration of the term in a proper condition. I do not see how the dismissal of the complaint can be sustained as to the alleged breach of the last covenant. The allegation was that the damaged, defective condition in which the property was surrendered was not due to the exceptions contained in the covenant, to wit, the reasonable use, or wear, or damage by the elements, but to the defendant's fault and breach of the covenant. If plaintiff proved these allegations, I see no reason why a recovery could not be had for damages for breach of this covenant.

The main contention, however, is with reference to the other covenant to make necessary repairs. The defendant claims this was a covenant for its benefit, and which it was optional with it to comply with. I do not think this is a reasonable or proper construction of the covenant. The two covenants must be considered together. Both were in the lease, and should be regarded as put there for some purpose. If defendant's theory were to be regarded as correct, why did the lease contain this covenant as to necessary repairs at all? Why did the parties not insert a provision that neither party should be obliged to make any repairs for the benefit of the other, but any repairs the lessee desired made it should make at its own expense? The term was a long one, five years. Is it reasonable to suppose the lessor would allow the property to go entirely unrepaired and uncared for, save as the lessee might see fit to repair and care for it, or the lessor should himself look after it? Considering the two covenants together, it seems to me they required the lessee to make such repairs during the term as became necessary to keep the property in a condition so that it could be surrendered in compliance with the covenant as to its condition when surrendered at the expiration of the term. The extent of such repairs would not, in that view, be subject to the dictation of either party, but would be determined by agreement

of the parties, or in an action between them involving the question.

Many cases are referred to by counsel as bearing upon the construction to be given to this covenant to repair, when accompanied by the other covenant as to surrender of the premises at the expiration of the term. In none of them is the language of the covenant as to repairs precisely like the one here involved, and we think none of the cases cited are in conflict with the views expressed by us above. Some of those cases are Lockrow v. Horgan, 58 N. Y. 635; Lehmaier v. Jones, 100 App. Div. 495, 91 N. Y. Supp. 687; Appleton v. Marx, 117 App. Div. 206, 102 N. Y. Supp. 2, affirmed 191 N. Y. 81, 83 N. E. 563, 16 L. R. A. (N. S.) 210; Green v. Aaton, 2 F. & C. 582; White v. Albany R. R. Co., 17 Hun, 98.

The latter case seems to be the one relied upon by the defendant and the trial court in the disposition of this case. The lease there involved contained the clause that "the yearly rent was $1,000, payable quarterly, and the ordinary taxes and water rates and [repairs necessary, with all alterations, if any needed]" or "[all repairs or alterations necessary]," and then there was the usual covenant to surrender the premises at the expiration of the term. The defendant claimed it was obligated to make only such repairs as it should find to be necessary. The plaintiff claimed that it must make all repairs which the premises needed at the time of making the lease or which became necessary during the term. The court analyzed some of the cases, and used some language in the opinion which might be construed as indicating that its view was that the defendant need only make such repairs as it saw fit; but its decision was expressed plainly at the close of the opinion, viz.:

"We think, therefore, that the referee erred in giving damages for the failure of the defendants to make repairs needed at the time the lease was taken. The referee has found that there is no evidence from which can be determined the amount of expense of repairing such damages as accrued during the term apart from that that existed at the time the lease was made."

The judgment was reversed, apparently because of the error above referred to. In the course of the opinion, the court said:

"Although the tenant may agree to expend money on the landlord's premises beyond what is needed for his own purposes, yet this is an agreement which he is not likely to make, and it should be unequivocally expressed. The ordinary rule, of course, is that the tenant take the property just as it is, and pays his rent for the use of it in that condition. Taylor, Land. & Ten. § 358. All that he is to do is to restore it as he took it, and this is so reasonable that it would be the probable meaning of any agreement of lease which did not expressly state otherwise. In the present case, the word 'necessary,' applied to repairs, may well be understood to denote such repairs as were necessary to the defendants, and not such as might be necessary for some future or different use of the property, after the lease had expired. This view is strengthened by the further clause of surrender in as good state and condition as reasonable use and wear would permit. If the defendants were bound to put on repairs, other than those which were found necessary—that is, if the defendants were bound to leave the property in better condition than they found it—this clause of surrender would be inconsistent with the former part of the lease."

We think the dismissal of the complaint in this case cannot be justified under the decision of the case above quoted from.

We do not deem it necessary to analyze the other cases above cited. We refer to the reports of the cases for a full statement with reference thereto. We are unwilling to place our decision upon the original complaint alone. It was quite essential that the covenant brought into the pleading by the amendment should be considered with the one alleged in the original complaint.

The complaint as amended did contain facts sufficient to constitute a cause of action, and therefore the trial should have been permitted to proceed. See Abbott v. Easton, 195 N. Y. 372–376, 88 N. E. 572, and cases therein referred to. All concur.