(95 Misc. Rep. 616)

### H. W. MILLER, Inc., v. THOMAS B. LEAHY BLDG. CO.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

COURTS ⬥189(15)—MUNICIPAL COURT—CORRECTING JUDGMENT.

    Under Municipal Court Code (Laws 1915, c. 279) § 6, subd. 7, authorizing the Municipal Court to open default, direct or set aside verdict, vacate or modify its judgment for error in form or substance, or grant new trial, where judgment was rendered for plaintiff, the court could not on the next day render judgment for defendant on his counterclaim as a correction of the previous judgment, but the court's action could only operate to vacate it, and the case would then stand for new trial.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⬥189(15).]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Two consolidated actions by H. W. Miller, Incorporated, against the Thomas B. Leahy Building Company. From a judgment for defendant on counterclaim, and order denying motion to set aside such judgment and for new trial, and from an order vacating, amending, and setting aside previous judgment for plaintiff, plaintiff appeals. Reversed, and judgment for plaintiff reinstated.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Montifiore M. Henschel, of New York City (Andrew S. Fraser, of New York City, of counsel), for appellant.

Aaron Honig, of New York City, for respondent.

PHILBIN, J. This is an appeal from a judgment of the Municipal Court of the Borough of Manhattan, Fourth District, entered in favor of the defendant and against the plaintiff on a counterclaim, and from an order denying the motion to set aside said judgment and for a new trial. Appeal is also taken from an order which vacated, amended, and set aside a judgment previously entered in favor of the plaintiff.

The plaintiff sued to recover a sum alleged to be due for certain work, labor, and services, and materials furnished, and for which the defendant agreed to pay. A similar action was brought as to another contract of a like nature relating to another building, referred to as the Nurses' Home. The two actions were tried upon the same

record, and for convenience of designation they were known as the Hospital Pavilion action and the Nurses' Home action. On this appeal we are only concerned with the former action in relation to the hospital pavilion.

The defendant admitted that there was due the plaintiff the sum of $468.60, but put in a counterclaim of $503.34, claimed to be due defendant in relation to another transaction between the parties. The case was tried without a jury, the trial taking place on October 14, 1915. Thereafter, on October 20, 1915, the justice rendered judgment in favor of the plaintiff for $636.60 and costs, judgment was duly entered accordingly, and was so recorded in the office of the clerk. On October 21st, the following day, without anything further transpiring in the way of motions by or notice to either party, or additional evidence, the justice handed down another decision reading as follows:

"I hereby find and decide that defendant is entitled to judgment in its favor, with costs, and to an affirmative judgment on counterclaim in the sum of $14.74, and the clerk is hereby directed to enter judgment accordingly, correcting judgment heretofore entered on 20th October, 1915."

The plaintiff thereafter, and on October 29, 1915, made a motion to vacate, correct, and modify, in furtherance of justice and for error, the judgment entered in favor of the defendant, and to reinstate the judgment entered in favor of the plaintiff for $636.60, and for a new trial. The motion was denied.

It does not appear from the foregoing that the justice expressly intended to vacate the first judgment, but proceeded on the theory of a correction of the same. His right to do so is the principal ground for appeal. If the court had authority, then I think that the second judgment in favor of the defendant should be allowed to stand, as it is adequately supported by the proof, and there was no prejudicial error committed during the trial.

Taking up, therefore, the question of the court's authority, it will be observed that there are two aspects presented: First, the right of the court to nullify the original judgment in favor of the plaintiff; and, secondly, the right to direct a new judgment in favor of the defendant. Nothing is disclosed by the record to indicate upon what ground the justice assumed to act. It is not made clear why, in furtherance of justice for any error in form or substance, the so-called correction should have been made. It would seem obvious that to nullify a judgment duly entered, and to substitute therefor an entirely different adjudication, cannot be considered a correction within the meaning of the act. Municipal Court Code, § 6, subd. 7. The effect of the court's action was not merely to correct the original judgment, but to vacate it and, in that event, the only function that he could then perform with respect to the litigation was to order a new trial.

There is every reason to believe that the power vested in the Municipal Court in relation to judgments under the Municipal Court Code was wisely bestowed and serves a useful purpose, but there is no reason why its use should be extended beyond the plain meaning of the act. As was said in Petsche v. McDonald, 158 N. Y. Supp. 494, the error in form or substance referred to in the law plainly relates to errors found in the record itself, for such an error only can be

one in form or substance, and if a judgment be vacated, the issues then remain undetermined, and a new trial must be had as a matter of course. The original judgment in favor of the plaintiff was sustained by the evidence, and, as has already been said, there was nothing to show that any error occurred in relation to the entry of that judgment.

It must be found that there was error in making the orders appealed from, and that the judgment for defendant was unauthorized. This conclusion will have the effect of restoring the judgment originally entered in favor of the plaintiff, but it is not intended to say anything that would interfere with the court giving consideration to any application made to correct and vacate said judgment upon sufficient grounds.

Judgment and orders appealed from reversed, with $30 costs, and judgment of October 20, 1915, reinstated. All concur.