ATLANTIC TERRA COTTA COMPANY, Plaintiff, *v.* PETER GUTHY, INC., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 26, 1930.

*Simpson, Thacher & Bartlett,* for the plaintiff.

*Hovell, McChesney & Clarkson,* for the defendants.

MARKS, Official Referee. On April 20, 1929, Peter Guthy, Inc., a corporation, hereinafter designated as the debtor, had an audit made of its affairs which showed assets of the book value of $119,424.43 and liabilities approximately estimated at $74,301.65.

On April twenty-ninth the debtor entered into an agreement with " all creditors of the debtor who shall hereafter sign this agreement." The audit was attached to the agreement and made a part thereof, and the name of the plaintiff was therein scheduled as a creditor in the sum of $1,000.

Paragraph or article numbered 1 of the agreement reads as follows: "As soon as a majority in number and amount of creditors of the debtor have subscribed to this agreement by signing Schedule B hereof, the business of the debtor shall be immediately incorporated under the laws of the State of New York under the name of Guthy Holding Corporation, and all the assets of the said debtor as disclosed by the aforesaid audit shall be thereupon transferred and conveyed to the said corporation, and it shall also assume all the debts and obligations of the said debtor as disclosed by the aforesaid audit."

The agreement further provided that to each creditor signing the agreement the holding corporation when organized would issue either stock or certificates or other evidence of indebtedness for the amount of their claims.

At the time this agreement was made, the business of the debtor was in the hands of a committee of creditors, and this committee also signed it. Regarding this committee, the agreement provides: " This committee is now in control of the assets of the debtor and is supervising the running of its business. This committee is hereby authorized and empowered to arrange all the debtor's business with the end in view of fully protecting the interests of the creditors. It is expressly understood and agreed that said committee shall be elected as the Board of Directors of the corporation, together with Peter J. Guthy, President of the debtor, and that said seven persons shall constitute the Board of Directors of the corporation; " *i. e.,* the Guthy Holding Corporation.

Upon the organization of the corporation and the election of these directors it is further provided that they " shall thereupon acting through said corporation proceed to supervise the completion of any and all uncompleted contracts, collect all bills receivable, pay all proper charges in connection with the real estate, and proceed in their discretion to liquidate the affairs of the corporation in such manner as they may deem to the best interests of the creditors," and, when the creditors were paid, they were to transfer their stock or other evidence of claim back to the holding company. It was further provided that the agreement should not go into effect until article 1 above quoted had been fully complied with. A majority in number and amount of the creditors having signed the agreement, the holding corporation was organized and the assets of the debtor transferred to it.

The plaintiff, however, did not sign the agreement, nor did it see fit to adopt it, except as it does now in part seek to secure the benefits of the alleged promise of the holding corporation to assume the debts of the debtor. After the agreement was in force and with knowledge thereof the plaintiff still pursued its remedy against the debtor, by commencing this action against both debtor and holding corporation, and, after an order of severance, entered judgment against the debtor and issued an execution which was returned unsatisfied.

The plaintiff claims that it is entitled as a third party beneficiary, under the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268), to recover the amount of its claim from the defendant Guthy Holding Corporation by reason of the express promise contained in article first of the agreement that " it shall also assume all the debts and obligations of the said debtor," the result of which would be to secure a preference over the majority in amount and number of the creditors, who agreed to extend the time for the payment of their claims by accepting stock of the company and who agreed to wait for payment of their claims as the assets of the business were disposed of by the committee.

The agreement was not a present binding unequivocal promise by an existing promisor for something done, or to be done, by the party to whom the promise is made, as a consideration for the promise, nor any present consideration moving from or to, or act to be performed by, a person capable of performing.

It was not, when the agreement was made that the holding corporation shall assume the debts, an undertaking by that corporation. Much had to be done before the promise to assume all debts had life or force.

There must be a promise by a promisor to a promisee for the

payment to a third party of the promisor's debt contracted or about to be contracted by the promisor with the promisee, or in discharge of some contract or obligation made or about to be made with the promisee.

The promise must be founded upon a consideration proceeding from the promisee to the promisor, or mutual considerations from each to the other. Here we have no present direct enforcible promise or any consideration passing or existing between a promisor and promisee to sustain the right of a third party to call upon the promisor to carry out his promise.

There is no privity of contract between the plaintiff and the holding corporation. To maintain an action by a third party upon the doctrine of *Lawrence* v. *Fox* (*supra*), where there is no privity of contract, there must be a promise, based upon a consideration, made by some one who has the power and is capable of making the promise. .

Who were the promisor and promisee in this case? What is the consideration for the alleged promise upon which the plaintiff relies? From or to whom did the consideration pass?

The agreement is only between the debtor, a majority in number and amount of its creditors, not including those whose claims were fifty dollars or less, who were not required to sign, but were to be paid in full, and the creditors' committee.

The consideration for the agreement was the continuance of the business by the creditors' committee, the formation by them of the holding corporation, the election of themselves and the president of the debtor as directors, the transfer of all the debtor's assets to the holding corporation when organized, and the assumption by that corporation when organized of all debts, the assignment by the creditors signing the agreement of their claims, and various other things which the creditors' committee agrees to do, acting as directors of the corporation for the purpose of protecting the creditors.

There is no promise at all in this agreement to pay the plaintiff's claim, upon which the plaintiff's cause of action against the holding corporation is claimed to be based. That holding corporation was not and could not have been a party to that agreement. No one has made any promise, but the parties to the agreement among themselves, and binding themselves as firmly as they could to see that a promise of that kind would be made or kept by the holding corporation, stipulate that the agreement shall only be operative when the terms of paragraph 1 have been carried out, among which are that the holding company has been organized and has assumed the debts.

The holding company was not in existence when the promise upon which the plaintiff relies was made, and the considerations for the promise to assume debts did not proceed from, to or by that holding company, but consisted of many proceeding from and to the parties to the agreement, upon the faith of which they signed it and agreed that the holding company would assume. In view of the fact that the organizers and directors knew the purpose of the organization and were parties and promisors to the agreement, a court of equity, I believe, would decree that the holding corporation, organized by them upon the creditors' reliance that it would assume all debts, is bound to carry out the obligation, and must be held to have assumed them, yet, as the plaintiff's cause of action to entitle it to maintain an action in the Municipal Court must be based upon a contract, express or implied, I am unable to find that it is based upon any express or implied contract or breach thereof, and it is my opinion that an agreement such as the one under consideration that a corporation to be organized will assume a debt is not that kind of a promise for the benefit of a third party contemplated by the decision in the case of *Lawrence* v. *Fox* (*supra*), or by any other decision in which the principle of that case has been applied or extended.

The agreement providing for mutual acts or considerations to be performed by the debtor, its creditors' committee, and subsequent signers of the agreement on the one hand, and a corporation which it is agreed shall thereafter be organized, on the other, is not that kind of a consideration proceeding to or from or between a promisor and promisee from or by reason of which a promise to pay the debt of a third party can be based or implied, nor from which it can be held that a debt or obligation was created to the plaintiff, as the result or upon the faith of such promise.

The agreement was good as between the parties to it, but the effect of it upon the plaintiff is that, as it did not sign it, the transfer to the holding corporation of all of the debtor's property under the agreement is an illegal transaction. The debtor has thus been stripped of its assets and deprived of its power to do business, and the plaintiff has lost its rights to attach those assets by execution, but it has an equitable lien upon those assets so transferred to that holding corporation, which, however, cannot be enforced in the Municipal Court.

It requires a court of equity, an action in the Supreme Court, to set aside the transfer, so far as it bars the remedy of the plaintiff to levy execution upon the debtor's assets, so transferred as aforesaid. These assets must be regarded as a trust fund for the payment of all the debts of the debtor, upon which the creditors have an equitable lien and may reach by proper action.

At least, those creditors who did not sign the agreement are not bound by it, and may pursue that course. (*Wilson* v. *Aeolian Co.,* 64 App. Div. 337; affd., 170 N. Y. 618· *Hurd* v. *New York & C. Steam Laundry Co.,* 167 id. 89.)

Judgment for the defendant Guthy Holding Corporation dismissing the complaint, with costs without prejudice to a new action.