EDWARD PETRIDES, Doing Business as Lincoln Coffee Company, Appellant, *v.* PARK HILL RESTAURANT, INC., Defendant, and STANDARD BUTTER & EGG CORPORATION, Intervening Judgment Creditor-Respondent.

First Department, February 11, 1943.

*Alexander D. Diamond* of counsel (*Saytanides & Mulaine,* attorneys), for appellant.

*Samuel Katz* for intervening judgment creditor-respondent.

TOWNLEY, J. Plaintiff is a judgment-creditor of the defendant Park Hill Restaurant, Inc. The intervening judgment-creditor moved in the Municipal Court where both judgments were recovered, to set aside plaintiff's judgment, on the ground of fraud. It is unnecessary to pass upon the merits of this claim. The motion was denied in the Municipal Court on the sole ground that the court was without jurisdiction to grant this relief.

A fraudulent or collusive judgment is a transfer or conveyance within the meaning of the law relating to fraudulent transfers or conveyances both at common law and under the Debtor and Creditor Law, section 270. (See *Decker* v. *Decker,* 108 N. Y. 128.) Relief by judicial process to creditors against fraudulent transfers including judgments involves the exercise of equitable jurisdiction. The granting of such relief is beyond the power of the Municipal Court under the provisions of article VI, section 18, of the Constitution of the State of New York which reads: " The Legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction * * *."

In view of the constitutional prohibition against the exercise of the power essential to the relief sought herein, subdivision 7 of section 6 of the New York City Municipal Court Code cannot reasonably be construed to grant such power. That section, so far as material, provides that the Municipal Court shall have jurisdiction " to vacate, amend, correct or modify any process, mandate, judgment, order or final order, in furtherance of justice, for any error in form or substance." The intervener was not a party to the original action, had no interest in the subject-matter thereof and no status entitling it to question the form or substance of the judgment entered.

The quoted section should be interpreted as limited to the consideration of errors in form or substance appearing in the record itself. The Appellate Term in the past has given that interpretation to the statute. (*Miller, Inc.* v. *Leahy Bldg. Co.,* 95 Misc. 616; *Back* v. *First Solotwiner Sick Benefit Soc.,* 155 Misc. 585.) It certainly should not be construed as an attempt to confer upon the Municipal Court powers which are expressly denied by the Constitution. The constitutional prohibition against granting equity jurisdiction to the Municipal Court is, of course, general and covers motions which would be calculated to afford equitable relief as well as actions.

The determination of the Appellate Term should be reversed, with twenty dollars costs and disbursements in this court and ten dollars costs in the Appellate Term to the plaintiff, and the order of the Municipal Court affirmed.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term unanimously reversed, with twenty dollars costs and disbursements in this court and ten dollars costs in the Appellate Term to the plaintiff, and the order of the Municipal Court affirmed.