Walter B. Hart, J.
Defendants move to dismiss for insufficiency each of the six causes of action of the amended complaint or, in the alternative, to strike certain paragraphs therefrom on the ground that they are irrelevant, unnecessary and scandalous (Bules Civ. Prac., rule 103) or indefinite or obscure (Bules Civ. Prac., rule 102).
For the purposes of this motion the individual defendant will be deferred to as Casería and the corporate defendant, Casería & Co., Inc., as the corporation.
The gravamen of the first cause of action against Casería is for damages for breach of contract of repurchase from plaintiff of stock in the corporation. The cause of action also seeks damages for a separate and distinct breach of the contract with respect to the employment and payment of wages. The first cause of action therefore in effect purports to allege two separate and distinct causes of action. The court is satisfied that the complaint sufficiently alleges a breach of that term of the contract whereby Casería agreed to repurchase the stock ‘ ‘ if the company discontinues the active participation of the purchaser in said company.” The complaint alleges that the defendants “ did terminate plaintiff’s employment and active participation in defendant corporation.” While it may be urged that this allegation is conclusory in nature, a factual allegation with respect thereto is the allegation that the defendants *357 failed and refused to continue to ‘ ‘ pay plaintiff wages and to pay for services already rendered by plaintiff.” It may be inferred that plaintiff’s active participation in the company was terminated by the nonpayment of his salary. Though this conclusion warrants the denial of the motion to dismiss for insufficiency after affording to the pleading every fair inference and intendment, the court is satisfied that the first cause of action also sufficiently alleges the breach of paragraph Seventh of the contract, to with that each party will use his best efforts to cause the Company to pay to both parties salaries which are equal; and if there is any increase or decreases in salary paid to each individual, he will use his best effort to cause salaries of both to be equally adjusted.” Included in the allegations of the first cause of action are the facts that plaintiff was employed by “ defendants ” and that they failed to pay him any wages since August 1, 1958 while Casería, who is the majority stockholder and exercises complete dominion over the corporation, has caused the corporation to pay himself a weekly wage. From these circumstances the trier of the facts may find that defendant violated his agreement to use his best efforts to cause the corporation to pay to the plaintiff the same salary paid to himself.
Though defendant has not moved the court to direct that the two causes of action set forth in the first cause of action be separately stated and numbered, the court, pursuant to the omnibus prayer for other and further relief, will make such direction (Rules Civ. Prac., rule 90). Since plaintiff is required to serve a second amended complaint, it becomes unnecessary to pass upon defendant’s application to strike many of the allegations set forth in the first cause of action which are patently improper, prejudicial and unnecessary.
As to the second cause of action against the individual defendant in the right of the corporation, defendant urges that the pleading is insufficient since the real property transactions and speculations from which the individual defendant is alleged to have profited are not prohibited by the terms of the written contract between the parties. This, however, is not determinative of the rights of the corporation. To ascertain whether these transactions resulted in a deprivation of corporate opportunities with a loss to the corporation, it is essential first that the complaint set forth the nature and character of the business of the corporation. Plaintiff in paragraph Thirty-four alleged “ That the character of the defendant corporation is one rendering personal service as its primary business.” In apparent contradiction thereof, plaintiff in his first cause of action by *358 paragraph Eighth alleges “ That one of the primary purposes and sources of income of defendant corporation is the buying, selling and speculating in real estate.” Moreover, there are no factual allegations showing that the corporation had the financial means with which to avail itself of the opportunities alleged to have been diverted by Casería to himself. Accordingly, the second cause of action is dismissed with leave to plead over.
The third cause of action is sufficient to sustain a cause of action in fraud for either damages or rescission. Rescission is maintainable even though plaintiff still is in possession of the stock (Civ. Prac. Act, § 112-g).
The fourth cause of action is a conglomeration of conclusions with respect to “ mistake of fact, if not actual fraud and deceit.” This cause of action is stricken with leave to plead over a cause of action for moneys paid due to a mistake. The reference to fraud is unnecessary in view of the sufficiency of the third cause of action.
In the fifth cause of action plaintiff alleges “ That pursuant to Section 77 of the Stock Corporation Law plaintiff made written demand on October 25,1958, upon defendant corporation for a statement of its affairs, and plaintiff set forth a copy of said law in such demand.” Plaintiff then alleges that no such statement was furnished to him and that pursuant to the provisions of the statute the defendant corporation incurred a penalty of $50 plus $10 daily after 30 days elapsed from such payment and that the penalty aggregates $290. The sufficiency of these allegations is challenged on the phraseology of the statute (Stock Corporation Law, § 77) which provides that a stockholder “ may make a written request to the treasurer or other fiscal officer thereof for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, and the treasurer shall make such statement and deliver it to the person making the request within thirty days thereafter ”. (Emphasis supplied.) Since this statute is penal in nature, it must be strictly construed. An examination of the pleading shows the absence of allegations that the demand upon the “ treasurer or other fiscal officer ” for a “ particular account of all its assets and liabilities ” was made. Accordingly, the fifth cause of action is dismissed for insufficiency with leave to plead over.
The sixth cause of action alleges that plaintiff, at the request of defendant, rendered professional service to him in his capacity as an attorney of the reasonable value of $750. There are *359 no factual allegations that defendant agreed (expressly or impliedly) to pay for these services. The sixth cause of action is dismissed for insufficiency with leave to replead. The second amended complaint is to be served within 20 days after the service of a copy of order with notice of entry.
Settle order on notice.