Albert J. Marino, J.
Plaintiff, an investor, with a portfolio of stocks, sued his broker-dealer, for the sum of $2,575.44 for the proceeds in the sale of 100 shares of certain securities, to wit: Kings Resources, Inc.
Defendant, on two prior orders for other securities, through error, delivered a higher-priced stock in place of a lower-priced stock containing almost identical name. Therefore, defendant refused to make payment and demanded the return of the erroneously delivered stock. Plaintiff instituted suit and defendant in its answer asserted three counterclaims totaling $25,000. Plaintiff moved at Special Term for summary judgment for $2,575.44 and was successful. We are concerned here, in this nonjury action, only with the three counterclaims.
Defendant, in the first two counterclaims, alleges as follows: that plaintiff ordered 500 shares of Pennsylvania Engineering Corporation stock on June 5, 1968; that through error defendant delivered to plaintiff 500 shares of Pennsylvania Engineering & Manufacturing Corporation, a higher-priced stock instead; that on or about June 5, 1969 plaintiff gave an identical order and defendant made the same mistake, delivering the higher-priced stock; that about the time of the second order, on or about June 5, 1969, the defendant discovered its errors and thereafter duly demanded the return of said securities. (In the trial and in its memorandum of law the defendant states that it discovered its two erroneous deliveries of the higher-priced stock in November, 1969, and immediately notified plaintiff by letter, dated November 6, 1969, demanding the return of the erroneously delivered securities.)
The market values are set forth as to both the lower-priced and the high-priced stock for the dates of purchase and the dates of wrong deliveries. However, it is to be noted that the values on the date of demand of the return of the stocks, or a reasonable time thereafter, are not recited in the counterclaims. This is most important when we test the legal sufficiency of the counterclaims at the time defendant rests its case.
The counterclaims do not set forth the nature of the claims, nor is there a request for damages in the pleadings. If the defendant seeks damages because of an alleged conversion it failed to plead conversion in its counterclaims. Also, defendant’s pleading fails, to ask for any relief whatsoever.
Certainly, defendant was obliged to recite the value of the erroneously delivered stock at the time it made demand for the *133 return thereof or within a reasonable time thereafter. This is the measure of damages; and it is so set forth by the defendant in its memorandum of law, at page 6, as follows:
“ DAMAGES
“ As to damages, the law is also well established. In the case of the conversion of marketable securities of fluctuating value, the rightful owner is entitled to monetary damages measured by the highest intermediate market value of the securities within a reasonable time after the unsuccessful demand for their return. Nobel v. Haft, supra at p. 144-5. See, also, Encyclopedia of New York Law, Damages, §§ 908-909.
“ Accordingly, damages are to be measured in this case as follows:
“1. The conversion occurred on or about November 7, 1969 when defendant’s letter of November 6,1969 presumably reached him, i.e., when the demand for the return of the stock was made. Encyclopedia of New York Law, Damages, § 908, p. 431.
“2. On November 7, 1969, and for a reasonable time thereafter, say for a period of two weeks, during which defendant is deemed to have had an opportunity to replace the stock and thus mitigate damages, the highest intermediate value of Penn. Eng. & Mfg. was 15. Thus, defendant is entitled to $15,000 in damages with interest. Encyclopedia of New York Law, Damages, § 909.”
Defendant, in the first and second counterclaims, does not ask for damages; in fact it asks for no relief whatsoever. If you try to interpret a request, the defendant seems to ask for the return of the securities as its relief, in the following: ‘ ‘ However, said securities have not been returned to Defendant at this date. ’ ’ This court does not have jurisdiction to grant equitable relief.
In the third counterclaim we see the word ‘ ‘ converted ’ ’ used by defendant for the first time. Defendant states: “Plaintiff intentionally and wilfully retained, and thus converted the erroneously delivered stock. ’ ’ In the ‘ ‘ wherefore ’ ’ clause therein, the defendant seeks ‘ ‘ judgment in the amount of $10,000 in punitive damages, including attorney’s fees.” This counterclaim is derivative; it is not viable; it cannot survive on its own; it is dependent wholly upon the first and second counterclaims. If they fall, so does the third counterclaim.
As will be seen hereunder, the ‘ ‘ wherefore ’ ’ clause is not part of a pleading. It cannot be used to make a pleading that is legally insufficient, for failure to request any relief, good.
*134 At the end of its case, the defendant rested and plaintiff moved to dismiss.
The court has researched the law applicable to this case and is constrained to and does grant the motion to dismiss, but without prejudice.
A pleading must enable the adversary to determine the nature of his claim and the relief sought. Defendant’s first and second counterclaims are barren on both counts.
CPLft 3013 reads. as follows: ‘ ‘ Particularity of statements generally. Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.”
A pleading must enable the defendant to determine the nature of the plaintiff’s grievances and the relief he seeks in consequence of the alleged wrongs. (Shapolsky v. Shapolsky, 22 A D 2d 91.)
The prayer for relief may be disregarded in determining the sufficiency of a cause of action. (Mahoney v. Ogden, 6 A D 2d 711.)
An “ ad damnum clause ” merely informs an adversary of the maximum amount of the claim asserted, without being proof of injury or of liability. (Natale v. Great Atlantic & Pacific Tea Co., 8 AD 2d 781.)
Of course, the defendant may sue at law upon a proper and legally sufficient pleading, or may, if so advised, seek equitable relief in the proper forum, lest unjust enrichment result.
The Civil Court of the City of New York is a court of limited jurisdiction, with a monetary limitation of $10,000, except in counterclaims for money only.
As to counterclaims (CCA, § 208): “ The court shall have jurisdiction of counterclaims as follows:
“ (a) Of any counterclaim the subject matter of which would be within the jurisdiction of the court is'sued upon separately.
“ (b) Of any counterclaim for money only, without regard to amount.
“ (c) Of any counterclaim for:
“ 1. The rescission or reformation of the transaction upon which the plaintiff’s cause of action is founded, if the amount in controversy on such counterclaim does not exceed $10,000 ” (emphasis supplied).
It is crystal clear that, since the plaintiff sued on a different transaction, the defendant’s counterclaims are violative of OCA, g 208 (subd. [c], par. 1) because they are in no way related to *135 “ the transaction upon which the plaintiff’s cause of action is founded ’ ’.
The Civil Court does not have jurisdiction essentially of equitable action to set aside a fraudulent conveyance (list of customers), even though only relief sought is a money judgment. (Circulation Assoc. v. Mother’s Manual, 53 Misc 2d 225.) In the above case it is stated as follows (p. 226):
“ It is well settled that the Civil Court has no general equity jurisdiction except as specifically provided by statute. (N. Y. Const., art. VI, § 15, subd. b; CCA, art. 2; Petrides v. Park Hill Rest., 265 App. Div. 509; Atlantic Terra Cotta Co. v. Peter Guthy, Inc., 138 Misc. 76; Schwartzreich v. Beauman, 112 Misc. 464.) ”
A failure to allege tender in a pleading does not render it defective. CPLB 3004 obviates the requirement to plead tender. ‘ ‘ § 3004. Where restoration of benefits before judgment unnecessary. A party who has received benefits by reason of a transaction that is void or voidable because of * * * mistake * * * shall not be denied relief because of a failure to tender before judgment restoration of such benefits; but the court may make a tender of restoration a condition of its judgment, and may otherwise in its judgment so adjust the equities between the parties that unjust enrichment is avoided.” (See, also, Denker v. Twentieth Century-Fox Film Corp., 26 Misc 2d 1035; Nigro v. Caserta, 16 Misc 2d 355.)
The Civil Court cannot grant alternative relief, to wit: direct that plaintiff return the erroneously delivered stock and receive lower-priced stock, or pay the difference between the lower-priced stock he paid for and the higher-priced stock that was erroneously delivered to him at the time demand was made or within a reasonable time thereafter.
Accordingly, the plaintiff’s motion to dismiss the counterclaims is granted, without prejudice and without costs.