OPINION OF THE COURT
Maurice Harbater, J.
This is a holdover summary proceeding brought by petitioners against rent controlled tenants in a 20-family multiple dwelling for violating substantial obligations of their tenancy, to wit; installation of a window air conditioner and a direct electrical line from the building basement to their apartment.
*464 The lease covering this apartment, which expired 10 years ago, contained a restriction against the installation of an air conditioner without the written consent of the landlord. However, the tenant testified that the superintendent installed their air conditioner when they first moved in 12 years ago, and it has been used since then with the knowledge and consent of the prior owner.
As to the installation of the electrical line from the basement to the tenants’ apartment, as well as to other apartments in the building, the petitioners were unable to prove that the respondents herein made such electrical installation.
Nonetheless, this court cannot condone the tenants’ future use of the air conditioner, where the source of power comes from the separate electrical line from the basement.
The City of New York, Department of General Services, Bureau of Gas and Electricity, issued on August 17, 1979 and served upon the petitioners certain serious electrical violations (Administrative Code of City of New York, ch 30, tit B) regarding this additional electrical installation.
Substantially, the present electrical violations consist of: no application on file with the Bureau of Gas and Electricity for a certificate of electrical inspection for installation of air-conditioner lines to various apartments; conductors are overloaded; feeders and subfeeders are not of proper capacity; circuits are overfused and do not have tamper-resistant fuses; service conductors are not of proper size; and armored cables are not properly secured and are installed exposed.
On November 28, 1979, the Bureau of Gas and Electricity, by the borough superintendent for the commissioner, issued an order to remedy upon the petitioners. Subsequently, because of the petitioners’ noncompliance with the order to remedy, the borough superintendent threatened that the department would "issue an order for the disconnection of the electric current from the premises.” If this were to occur, it would cause disastrous results to the tenants.
After trial, this court finds that said violations continue to exist and further finds that iihe installation and use of such electrical wiring is unsafe arid dangerous to the health, welfare and safety of the tenants and occupants of said building premises.
The court hereby grants a final judgment of possession in favor of the respondents dismissing the petition on condition *465 that respondents forthwith cease using their air conditioner and remove it from the window by April 1, 1980 until such time as the electrical outlets and air-conditioning installation cease to remain a hazardous violation of the Bureau of Gas and Electricity.
Notwithstanding the respondents’ compliance not to put to use the illegal and inadequate wiring, such illegal installation from the basement to this apartment as well as to other apartments remains and continues to be a serious fire hazard to the entire building and its occupants.
The issue theretofore arises as to whether this court, in a holdover summary proceeding brought by petitioners, has the jurisdiction and power to order petitioners to remedy or remove the defects or deficiencies existing in the electrical wiring installed in the basement.
For the past several years this city’s housing stock has undergone a series of unprecedented and devastating fires. Its causes have been both willful and unintentional. In my opinion, one of the major unintentional causes has been the widespread illegal installation and wrongful use in our homes of electrical wiring and/or apparatus. The Legislature has given us protective laws and it is incumbent upon the various agencies and the courts to enforce them swiftly when it comes to their attention.
Subdivision (a) of section 110 of the New York City Civil Court Act provides "A part of the court shall be devoted to actions and proceedings involving the enforcement of state and local laws for the establishment and maintenance of housing standards, including, but not limited to, the multiple dwelling law and the housing maintenance code, building code and health code of the administrative code”.
The above section reflects a fairly recent amendment which broadened the court’s powers over enforcement of other laws besides just the Multiple Dwelling Law and the Housing Maintenance Code, e.g., electrical violations.
Section 110 (subd [a], par [4]) of the New York City Civil Court Act grants authority to the Housing Court over proceedings "for the issuance of injunctions and restraining orders or other orders for the enforcement of housing standards under such laws.”
Nevertheless, may the court act to enforce housing standards against landlords who have brought a proceeding seek *466 ing as their relief the tenants’ eviction? Subdivision (c) of section 110 provides "Regardless of the relief originally sought by a party the court may recommend or employ any remedy, program, procedure or sanction authorized by law for the enforcement of housing standards, if it believes they will be more effective to accomplish! compliance or to protect and promote the public interest” (emphasis added).
Now, therefore, pursuant to the powers vested in this court by subdivisions (a), (c) and (d) of section 110 of the New York City Civil Court Act, this court hereby orders the petitioners, Gabriella Roth and Joseph Szamosi-Rapczak, to remedy or remove, within 14 days from the notification of this order by the Clerk of the Housing Court to the petitioners, the defects or deficiencies existing in thej electrical wiring as set forth in Violation No. V451-79 and order to Remedy No. 173-179 issued by the City of New York, Department of Public Works, Bureau of Gas and Electricty.