OPINION OF THE COURT
David B. Saxe, J.
The principal issue that I am asked to resolve in this case is: May a wrongfully evicted tenant have her tenancy reinstated by being placed, by court order, into an apartment unit other than the one she formerly occupied and from which she was illegally evicted?
Ms. Carlisa Meredith and her children were wrongfully evicted from their apartment, No. 6J, at 410 St. Nicholas Avenue, New York, New York.
The facts at trial demonstrate that she regularly paid her proper rent with the aid of public assistance grants, which are issued twice a month. These two-party checks from the Department of Social Services were retained by the petitioner’s management office until October, 1982 when they were returned without explanation.
There was inadequate proof that the tenant owed the rent claimed in the nonpayment petition. Nevertheless, a judgment by default was obtained, a warrant issued and was executed upon, resulting in Ms. Meredith’s eviction.
I am asked by her attorneys to issue an order reinstating her to her former apartment. Another individual, a Ms. Hodge, now lives there with her family. Without question, *424 I have the authority to reinstate Ms. Meredith to her former apartment regardless of the fact that Ms. Hodge has been placed in occupancy there. The fact that Ms. Hodge moved in without knowledge that Ms. Meredith had been the victim of an illegal eviction is not a bar to reinstatement. I do not, however, choose to disturb Ms. Hodge’s possession.
Do I nevertheless have the power to reinstate Ms. Meredith’s tenancy by ordering the landlord to offer her a comparable but vacant apartment?
The relevant law to be considered is the following: CCA 212 states: “In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings.”
CCA 2102 states that: “The CPLR and other provisions of law relating to practice and procedure in the supreme court * * * shall apply in this court as far as the same can be made applicable and are not in conflict with this act.”
CPLR 5015 is therefore made applicable to Civil Court proceedings. It states in subdivision (d): “Restitution. Where a judgment or order is set aside or vacated, the court may direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal.”
Specifically, CPLR 5523 governing restitution, states: “A court reversing or modifying a final judgment or order or affirming such a reversal or modification may order restitution of property or rights lost by the judgment or order, except that where the title of a purchaser in good faith and for value would be affected, the court may order the value or the purchase price restored or deposited in court.”
The power to restore wrongfully evicted tenants to physical possession of the vacant-premises they occupied before eviction has been routinely accomplished (Leland House v Wigfall, 98 Misc 2d 355 [App Term, 1st Dept], affd 78 AD2d 783), even after the execution of a warrant (520 East 81 St. Assoc. v Heineman, NYLJ, May 17, 1982, p 15, col 1 [App Term, 1st Dept]; Golde Clothes Shop v Loew’s Buffalo Theatres, 236 NY 465).
*425 Apartment No. 22, a comparable accommodation in the same apartment complex, is vacant. May I, as part of effecting restitution, order the landlord to put Ms. Meredith into possession there?
It is clear that the unifying theme of restitution is the prevention of unjust enrichment (Douthwaite, Attorney’s Guide to Restitution [1977], § 1.1). Restitution should be available whenever one has received a benefit to which another is justly entitled {ibid.). Here, the landlord has obtained, by wrongful means, the recovery of an apartment, the rights to which belonged to Ms. Meredith.
However, the object of restitution is to restore the status quo ante — to put the litigants back into the positions they were in before the unjust enrichment occurred. {Ibid.) Although the function of restitution is “to throw the transaction into reverse by giving back, in kind or in value, whatever had been given or done in compliance with the abandoned exchange” (Dawson, Restitution Without Enrichment, 61 Boston UL Rev 563, 621), it cannot be employed where what would be returned was not what was wrongfully taken from the tenant. Here, the object of the restitutionary remedy is an apartment that Ms. Meredith never occupied. To order that the landlord here grant her possession of such an apartment would exceed the parameters of a restitutionary grant as that concept is utilized and understood pursuant to CPLR 5015. I would similarly be exceeding my bounds if I were to order the petitioner to offer, to Ms. Hodge, the vacant apartment so that Ms. Meredith could be restored to her former apartment.
Although Ms. Meredith cannot be restored to the vacant apartment as a by-product of restitution, can she be placed into occupancy through the use of the court’s equitable powers it possessed in summary proceedings? May this court issue a mandatory injunction, ordering the. landlord to place tenant Meredith into possession of the vacant apartment? Certainly, for a court to issue an injunction, it is mandatory that a finding be made that the legal remedy (i.e., money damages for the wrongful eviction) is inadequate. (Dobbs, Remedies, § 2.5; 28 NY Jur, Injunctions, § 41; Savage v Allen, 54 NY 458.) That is obviously the case here where an award of damages cannot begin to compen *426 sate Ms. Meredith for the loss of her apartment and the concomitant disruption of her life.
As Professor Siegel notes (NY Prac, § 19) the equity jurisdiction of the Civil Court of the City of New York is limited by statute to real property actions and to a few narrowly confined counterclaims. (See, also, CCA 208, subd [c].) However, CCA 110 (subd [c]) states in pertinent part that: “Regardless of the relief originally sought by a party the court may recommend or employ any remedy, program, procedure or sanction authorized by law for the enforcement of housing standards, if it believes they will be more effective to accomplish compliance or to protect and promote the public interest”.
Would the employment of equitable powers by this court in this situation be in furtherance of the enforcement of housing standards? I think not. The section of the law (CCA 110, subd [c]) which authorizes the use by the Housing Court of any remedy for the enforcement of housing standards is designed to promote flexibility in adherence to and compliance with the warranty of habitability. (See legislative findings, CCA 110, L 1972, ch 982, § 1.)
This case points out the nettlesome problems faced by a court that has the issue of an illegal eviction before it. Whether to order the eviction of an equally innocent new tenant is usually not a satisfactory resolution. The spectre of future damages to a tenant who has suffered the wrenching dislocation of an eviction is often not an adequate balm. What is needed, it is submitted, is an increased grant of authority to the Housing Court to order the landlord to place the evicted tenant into possession of another vacant unit. Until the Legislature acts, however, this court is without authority to order the relief requested. Accordingly, at this time, the tenant’s motion (a) to be restored to possession of her former apartment, and (b) to be put into possession of any other comparable, available apartment at the subject premises is, in all respects denied for the reasons set forth in this decision.