OPINION OF THE COURT
William D. Friedmann, J.
This summary holdover proceeding (RPAPL 711) places in focus whether the Civil Court of the City of New York has the jurisdiction and equitable or statutory power in the context of landlord’s petition for eviction of a tenant, to evict the petitioning landlord from a basement apartment in the same two-family premises, and further enjoin landlord from thereafter entering the two-family premises, pending his actual regaining of physical possession at the conclusion of a court-ordered stay (RPAPL 753).
RELEVANT CIRCUMSTANCES
Landlord owner of a two-family premises sought eviction of tenants occupying the first-floor apartment. The lease had expired two days before the issuance of the petition, which had been proceeded by the service of a proper 30-day notice. Therefore this action should have been resolved in routine fashion by the granting of possession to landlord and giving tenants a reasonable time to locate other accommodations. However, the unexpected frequently hap *758 pens when the Housing Division of the Civil Court seeks to enforce State and local laws and regulations pertaining to the maintenance of proper housing standards in New York City. (CCA 110.) As can be seen, it did in this action.
At the initial hearing attended only by the parties, the routine aspects of transfer of legal possession and discretionary stay were resolved when tenants informed the court that they had been recently advised by landlord’s parole officer not to leave their children ages 19, 11, 10, 9 and 2 years alone with landlord in the same or connected premises as he had been convicted of raping a 10-year-old child. That landlord had been residing in the unfinished basement of the two-family premises since approximately April, 1983, when he was granted parole by the State of New York Executive Department — Division of Parole. The initial hearing was then adjourned for two days to permit verification of this advice and in order to enable landlord to be represented by his attorney who had brought his eviction proceeding.
At the adjourned hearing attended again by the parties, the court made known its verification of the tenants’ information. It issued a subpoena requiring the prompt attendance of landlord’s parole officer and advised landlord that based upon the information concerning his basement residence and the information concerning his parole that the court was considering implementary affirmative action against him. Landlord was further advised to have his attorney and any witness present at an adjourned hearing.
A few days later, a third and final hearing attended by tenants and landlord’s attorney was held. Landlord’s parole officer after an in camera conference with the court testified in summary as follows:
(A) The first-floor apartment now occupied by tenants in the two-family house owned by landlord would be a proper residence for parole supervision.
(B) The basement premises now occupied by landlord and enterable only through tenants’ first-floor apartment was not suitable residence for parole supervision.
(C) That in the few days since the court’s last hearing, landlord had been rearrested under a warrant lodged by the Division of Parole following his being charged with *759 public lewdness (Penal Law, § 245.00) by a New York City Transit Authority patrolman.
APPLICABLE LAW
Even though neither appearing party has contested the jurisdictional question as to the granting of relief against a nonpetitioning party, such jurisdiction cannot be conferred either by acquiescence or consent of the parties, if the subject matter of an action is without the jurisdiction of the court. (Circulation Assoc. v Mother’s Manual, 53 Misc 2d 225, 226.) It is well settled that the Civil Court has no general equity jurisdiction except as specifically provided by statute. (NY Const, art VI, § 15, subd b; CCA art 2, § 204; Petrides v Park Hill Rest., 265 App Div 509; Atlantic Terra Cotta Co. v Peter Guthy, Inc., 138 Misc 76; Schwartzreich v Beauman, 112 Misc 464.)
The equity jurisdiction of the Civil Court is limited to real property actions and to a few narrowly confined counterclaims (CCA 208, subd [c]; Siegel, NY Prac, § 19; D. U. Fourth Realty Co. v Meredith, 119 Misc 2d 423).
The equity power of the Civil Court as to real property actions is specifically set forth at CCA 110. Subdivision (a) thereof states: “§ 110. Housing part, (a) A part of the court shall be devoted to actions and proceedings involving the enforcement of state and local laws for the establishment and maintenance of housing standards, including, but not limited to, the multiple dwelling law and the housing maintenance code, building code and health code of the administrative code of the city of New York”.
Without question this court had acquired jurisdiction of landlord’s summary holdover proceeding seeking to recover real property brought pursuant to RPAPL 701 and 711. Both landlord and tenant were before the court with respect to that claim.
But does the court have the jurisdiction and power to grant affirmative relief against the petitioning landlord therein.
It seems clear that it does have such power when it is utilized in furtherance of housing standards.
CCA 110 (subd [c]) supports that conclusion. In pertinent part it states: “(c) Regardless of the relief originally sought *760 by a party the court may recommend or employ any remedy, program, procedure or sanction authorized by law for the enforcement of housing standards, if it believes they will be more effective to accomplish compliance or to protect and promote the public interest”. And see the decision of the distinguished Housing Judge Maurice Harbater in Roth v Kelley (104 Misc 2d 463) in which he interpreted CCA 110 and where a landlord was ordered to make repairs in the context of his own initiated proceeding.
Uncontested testimony indicates that landlord had set up an illegal residence in the basement of his two-family house sometime in April, 1983. That entrance to the basement was accessible only through the first-floor apartment, occupied by tenants and their five children. That landlord in setting up these illegal residences had installed a shower and bathroom and had been living in the basement.
Such housing accommodation clearly violates both the Administrative Code of the City of New York (§ D26-34.13) and the Multiple Dwelling Law (§§ 9, 170, 171, 300, 301, 302).
This court therefore has the power pursuant to CCA 110 (subd [a], pars [4], [5]) in the enforcement of housing standards to remove the landlord from the illegal basement apartment and enjoin him from re-entry.
CCA 110 (subd [a], par [4]) authorizes such relief: “Proceedings for the issuance of injunctions and restraining orders or other orders for the enforcement of housing standards under such laws.”
Landlord’s removal and enjoinment from re-entry without any provision for a stay is justified by the circumstances below, including landlord’s rearrest on sex offender charges. The power of the Civil Court pursuant to RPAPL 753 is expressly “discretionary”. Exercise of such discretion herein would be unreasonable and would be inconsistent with this court’s duty “to accomplish compliance or to protect and promote the public interest” by the enforcement of proper housing standards.
CONCLUSIONS
Having determined that this court has both the jurisdiction and power to grant the original relief requested by the *761 landlord in his petition as well as the jurisdiction to entertain affirmative relief against landlord — and in the exercise of equitable power to evict him from the basement premises occupied by him and therefore bar his return to the premises:
Therefore the following specific directions are made:
(1) Judgment of immediate legal possession is granted to landlord.
(2) Such grant of legal possession is stayed until November 1, 1983 and tenants are required to make every effort to relocate by that date, with little, if any, hope of further extension.
(3) Landlord is immediately removed from the basement of the premises.
(4) Landlord is further enjoined from personally entering the premises, for any reason, until November 1, 1983, or until further order of this court.
It being intended that landlord is at no time to have possession of any part of his two-family premises until the first-floor tenants are out of possession.
(5) Tenants are to pay use and occupancy at the rate of $300 per month, during the stay period; payment to be made at the landlord’s attorney’s office.