NORMAN S. RIESENFELD, INC., Plaintiff, *v.* THE R. W. REALTY CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, July 15, 1926.

Landlord and tenant — lease by which tenant agreed to " make all repairs * * * necessary to preserve " premises in good condition merely means to keep premises in as good condition as when tenant executed lease — failure of tenant to make minor repairs does not warrant termination of lease — making of minor repairs not waived by landlord — lease also provided that in event tenant defaulted in payment of rent for period of sixty days landlord might discontinue any summary proceeding to dispossess and give notice of intention to terminate term — said clause does not constitute conditional limitation giving landlord right to maintain summary proceedings to dispossess — fact that landlord has right to exercise his option on re-entry for breach of condition does not of itself permit summary proceedings.

A clause in a lease by which the tenant agreed to take good care of the premises and " make all repairs, structural and otherwise * * * necessary to preserve the same in good order and condition," must be interpreted as meaning merely to keep the leasehold premises in as good condition as when the tenant executed the lease, and the fact that the tenant failed to make certain minor repairs to said premises does not warrant the termination of said lease under a further clause therein entitling the landlord to terminate the lease if the tenant failed to make repairs, particularly in the absence of evidence that there was any such violation of the covenant to make repairs as was contemplated by the lease.

The claim of the tenant that any matter of minor repairs was waived by the request of the landlord for repairs amounting to a " complete rebuilding," was not supported by the evidence.

Moreover, the clause in said lease providing that in the event the tenant shall default in the payment of the rent for a period of sixty days, the lease shall, in the option of the landlord, cease, and the landlord may discontinue any summary proceedings to dispossess the tenant and give notice of an intention to end the term does not constitute a conditional limitation giving the landlord the right to maintain summary proceedings; at most, it created a condition which entitled the landlord to maintain an action for ejectment.

The fact that the landlord has a right to exercise his option for re-entry for breach of condition does not of itself permit summary proceedings, for that right must be supplemented by a notice of intention to terminate the lease at a given time, and it is the expiration of the time recited in the notice rather than default of the tenant and the exercise of the option by the landlord which creates the conditional limitation.

SUMMARY proceeding brought by the landlord to recover possession of the premises known as No. 109 Nassau street, pursuant

to the provisions of a written lease, dated March 18, 1919, to commence May 1, 1919, and to terminate on April 30, 1939, unless sooner terminated as in said agreement provided.

*Arnold Lichtig,* for the plaintiff.

*Everett, Clarke & Benedict,* for the defendant.

GENUNG, J.   The landlord claims that the lease terminated on September 26, 1924, by the service of a certain notice after default by the tenant in the performance of certain covenants of the lease, as in said agreement provided.

The lease provided:

" *Fifth.* That throughout said term the Tenant will take good care of the demised premises and appurtenances and suffer no waste or injury; and make all repairs, structural and otherwise, both inside and outside, in and about the demised premises and fixtures and appurtenances, necessary to preserve the same in good order and condition, which repairs shall be, in quality and class, equal to the original work; promptly pay the expense of such repairs.   *   *   *

" *Sixth.* That the Tenant will not disfigure or deface any part of the building or suffer the same to be done.   *   *   * "

" *Eleventh.* If the Tenant shall make default in the payment of the rent hereunder or any part thereof, or in the matter of any other payment herein provided for, or in the performance of any of the covenants or conditions herein by him to be kept or performed, and if said default shall continue for sixty days, this lease and the term hereby granted shall at the option of the Landlord cease and determine, and the Landlord may discontinue any summary proceedings to dispossess the Tenant then pending and give to the Tenant notice of intention to end the term of this lease, and thereupon this lease and the term hereby granted shall immediately cease, determine and expire as fully and completely as if the day of giving of said notice were the date herein definitely fixed for the expiration of the term, and the Tenant will then quit and surrender the demised premises to the Landlord, and the Landlord may immediately, or at any time thereafter, re-enter the demised premises and remove all persons and property therefrom either by summary proceedings or by suitable action or proceeding at law, or by force or otherwise, without being liable to indictment, prosecution or damages therefor, and the same to have again, re-possess and enjoy as if this lease had not been made, and upon such re-entry all rights of the Tenant and all persons occupying or claiming under it in said demised premises shall cease and be wholly terminated and ended, without prejudice

Municipal Court of New York, July, 1926.            [Vol. 127

to the right of the Landlord to recover any rent or other payment due under the lease at the time of the giving of said notice.

" *Twelfth.* The Landlord may exercise the right to re-let for account of the Tenant, as provided in paragraph Tenth at its option or in any of the events or defaults mentioned in paragraph Eleventh may elect to wholly terminate the lease by written notice to that effect, in which event the Landlord shall not re-let the premises for account of the Tenant, nor the Tenant be liable for rent or other payments or deficiency thereafter."

On September 26, 1924, the landlord served a written notice on the tenant, referring to the lease, saying: " You have defaulted for more than sixty days in the performance of the covenants and conditions of the said lease, among others, the covenants contained in paragraphs ' Fifth ' and ' Sixth ' thereof, in that you have permitted the said premises and building to become out of repair and in a dangerous and unsafe condition in the following respects, among others, to wit [specifying them]," and saying: " You have defaulted for more than sixty days in the payment of the rent which, under said lease, became due July 1st, 1924, and  *  *  * the first days of August and September, 1924, amounting to $500 each," and, pursuant to the provisions of paragraphs " eleventh " and " twelfth " of said lease, giving notice, " that the undersigned [landlord] intends to and does elect to end the term of the said lease and hereby notifies you that the said lease and the term hereby granted shall immediately cease, determine and expire as fully and completely as if the day of the giving of this notice were the date definitely fixed in said lease for the expiration of the term thereof, and hereby further notifies you that you are to quit and surrender the leased premises and to remove therefrom immediately."

The tenant refused to vacate and surrender the premises and the landlord commenced this summary proceeding. The first trial resulted in a final order in favor of the landlord, which was reversed by the Appellate Term, and the petition was dismissed, with an opinion. The Appellate Term, in an opinion *per curiam*, stated: " It was not intended that in case the demised premises should be so greatly damaged by reason of a building operation upon the adjoining land as to require a complete rebuilding of the demised building, the cost of such rebuilding should be borne by the lessee, the tenant here."

On a motion for reargument the Appellate Term reversed so much of the order as dismissed the petition and allowed a new trial, stating in an opinion *per curiam:* " We think that the interests of justice will be best served by ordering a new trial so that it may

be determined whether upon our construction of the lease those matters of so-called ' minor ' repairs were in fact a violation of covenant and whether they were waived if that issue be properly tendered."

At the trial the tenant amended the answer to allege that " any right to dispossess the tenant on account of any minor repairs or to complain of any alleged failure of the tenant to make such minor repairs was waived by the landlord's demand that the tenant rebuild the walls of the building and the landlord's attempt in this proceeding to dispossess the tenant because of the tenant's failure and refusal to rebuild;" and that " the landlord is estopped to dispossess the tenant on account of the existence at the times mentioned in the petition of any so-called minor repairs or on account of the tenant's failure to make any such repairs, by the landlord's demand at the times mentioned in the petition that the tenant rebuild the walls of the building and by his prosecution of this proceeding for the purpose of dispossessing the tenant because of his failure to rebuild."

In the original answer the tenant, after certain denials and denials on information and belief, admitted the making of the lease, the receipt of the notice dated September 26, 1924, and admitted that it has not quit and surrendered the premises.  The tenant further alleged that, after the making of the lease, building operations were commenced by one other than the tenant on the premises, immediately adjoining the demised premises upon the south and that the particulars in which the tenant is alleged in the petition to have suffered and permitted the demised premises and the building thereon to become out of repair and in a dangerous and unsafe condition are and each of them is the result of such building operations, and that, by the terms of the lease, the tenant should be free from any and all liability and obligation to protect the demised premises and the building thereon, and to repair any damage or injury which the demised premises or the building thereon might sustain by reason of such building operations.  The tenant further alleged that it had paid and the landlord had duly accepted the rent due under said lease for the months of July, August and September, 1924, and the landlord had waived any right which he had or might have had to terminate the said agreement

There is nothing in the correspondence between the landlord and the tenant or in the testimony of the witnesses to indicate a waiver of any of the provisions of the lease, or to estop the landlord from insisting upon the performance of the covenants and the enforcement of the clauses of the lease.  The claim of the tenant that any matter of minor repairs was waived by the request of the land-

lord for rebuilding of the walls, or for repairs amounting to a "complete rebuilding," was not supported by the testimony.

The evidence discloses and the court finds that there were certain items of minor repairs, which were brought to the attention of the tenant and its representatives, that were not made in June, 1924, and were not made in September, 1924. This was admitted by the engineer employed by the tenant to protect the building during the operations on the adjoining premises. These items of minor repairs included the cracks in the tile floor, the reseating of the first floor wooden beams in angle seats of the girders by proper wood wedging, the cracks and settlement of the concrete floor at the southwest corner of the building, the making of the copper flashing on the south parapet wall around the smoke flues to be watertight, the tightening of the framework on the east skylight, the replacing of wire screen to the roof leaders, and the repair of the partitions around the toilet room compartment in the cellar. It is admitted that the landlord never demanded that the tenant rebuild and never made any demand upon the tenant as to the manner in which the repair work should be done. The tenant claims that, at the time the notice was served, the premises were and still are in good tenantable condition and in very much better condition than at the time they were leased to the tenant. The testimony shows the building was made of brick and mortar, five stories in height, and was built more than fifty years before the making of the lease. The lease required the tenant to make alterations, in accordance with the sketch submitted by the tenant, to be completed prior to August 30, 1919, at a cost of not less than $8,000 and the tenant claims the cost of such alterations to have been $40,000. The tenant further claims that, under the provisions of the lease, the clause requiring the tenant to "make all repairs" should be read in conjunction with the clause requiring the tenant "at the end of the term to quit and surrender the demised premises in as good order and condition as they were at the beginning of the term, reasonable wear and damage by the elements excepted." In other words, the tenant claims that any obligation to make repairs is merely to keep the building in as good condition as when the landlord leased it to the tenant, and that the tenant has performed this obligation in accordance with the terms of the lease. (*White* v. *Albany Railway*, 17 Hun, 98; *Wanamaker* v. *Butler Mfg. Co.*, 136 App. Div. 265; *Marcy* v. *City of Syracuse*, 199 id. 246.) While it has been held that such matters as broken windows, a snapped sash cord and a small hole in the wall constitute a violation of the covenant to repair (*Tanenbaum* v. *Berkowitz*, 173 N. Y. Supp. 802), it has also been held: "When a grantor of land seeks to

re-enter for breach of a condition subsequent he should be required to establish something more than a technical encroachment through the action of strangers without the grantee's permission. It is not enough to show in this way that the letter of the condition is violated, but it must appear that its true spirit and purpose have been willfully disregarded by the grantee." (*Rose* v. *Hawley*, 141 N. Y. 366, 378.)

Upon the undisputed facts the court finds that no such violation of the covenant to make repairs, as was contemplated by the agreement between the parties, was shown, and, therefore, no substantial breach of the conditions has been made out, entitling the landlord to terminate the lease.

But, even if the facts did sustain the contention of the landlord herein, there is a serious question of law presented, as to whether the " eleventh " clause of the lease, on which this proceeding is based, provides for a conditional limitation, with a right to maintain summary proceedings, or merely extends to the landlord an option to re-enter for breach of condition, to be enforced by an action in ejectment with a right of trial by jury. (*Kramer* v. *Amberg*, 15 Daly, 205; 115 N. Y. 655; *Miller* v. *Levi*, 44 id. 489.) It is well settled that jurisdiction cannot be given by the consent of the parties. (*Beach* v. *Nixon*, 9 N. Y. 35; *Kleinstein* v. *Gonsky*, 134 App. Div. 266.) The breach of a covenant to repair is not in the nature of a conditional limitation and the landlord cannot base his proceeding upon the claim that the lease has expired by reason of the breach of such covenant. (*Kleinstein* v. *Gonsky*, *supra.*) It appears that the uniform character of clauses creating a conditional limitation, where summary proceedings are allowed, is a provision for the earlier termination of the lease, either upon the happening of an event independent of the volition of the landlord or the tenant (*Matter of Lonas* v. *Silver*, 201 App. Div. 383), or upon the lapse of time fixed in a notice served by the landlord, whereby the landlord exercises an option given him by the lease to bring the lease to an end at the expiration of the time specified in the notice. (*Miller* v. *Levi*, *supra*; *Matter of Guaranty Building Co.*, 52 App. Div. 140; *Beach* v. *Nixon*, *supra*; *Morton* v. *Weir*, 70 N. Y. 247; *Manhattan L. I. Co.* v. *Gosford*, 3 Misc. 509; *Cottle* v. *Sullivan*, 8 id. 184; *Martin* v. *Crossley*, 46 id. 254; *Seasongood* v. *Smith*, 118 id. 839.) A right to the landlord to exercise his option of re-entry for breach of condition does not of itself permit summary proceedings. That right must be supplemented by a notice of intention to terminate the lease at a given time and it is the expiration of the time stated in the notice rather than the default of the tenant and the exercise of the option by the landlord which

creates the conditional limitation. In the present lease provision is made for notice of an accomplished fact, *i. e.*, that the landlord has exercised his option and that the lease is at an end, rather than notice that the term of the lease will expire at the expiration of a certain time stated in the notice. The exercise of the landlord's option to recover the premises does not constitute the tenant a holdover and give the remedy of summary proceedings. The service of a written notice that the landlord has exercised his option and terminated the lease does not satisfy the requirements of a conditional limitation. There must be a notice of an intention to terminate and that the lease will expire at the expiration of a definite time *after* the service of the notice. Otherwise, the service of the notice and the exercise of the option to re-enter become identical and the tenant is deprived of all the beneficent purposes intended to be afforded by the service of a notice of the coming expiration of the lease and the holdover proceedings which might be expected to follow. In the present lease, provision is made for service of a notice *after* the expiration of a certain period, during which the landlord claims the tenant to have been in default, and not for service of a notice *before* the expiration of a certain period, at the expiration of which period the lease will expire. Under the circumstances presented, the provisions of the present lease do not constitute a conditional limitation, giving the landlord the right to maintain summary proceedings, but at the most create a condition, entitling the landlord to maintain an action for ejectment.

The petition, therefore, must be dismissed and final order made in favor of the tenant, awarding to the tenant the possession of the premises.