JOHN C. ZIMMERMAN and Another, Plaintiffs, *v.* WILLIAM E. C. MERRIMAN and Others, Defendants.

Supreme Court, Steuben County, July 18, 1927.

**Fraudulent conveyances — creditor's action after maturity of claim — Debtor and Creditor Law, § 278, subd. 1, ¶ b, furnishes legal remedy — action cannot be brought in equity except in absence of legal remedy.**

An action by a creditor, brought after maturity of his claim, for the purpose of applying property of the debtor alleged to have been fraudulently transferred, may be maintained under paragraph b of subdivision 1 of section 278 of the Debtor and Creditor Law, which provides that the creditor may disregard the conveyance and attach or levy execution upon the property conveyed. Said action cannot be maintained under section 279, which applies only to cases where the obligation has not matured, nor can the action be maintained in equity to set aside the conveyance until the remedy at law has been exhausted. Therefore, plaintiff's complaint must be amended so as to state a cause of action under said paragraph b and the plaintiff is given ten days' time in which to obtain and serve a warrant of attachment and serve an amended complaint.

RESUBMISSION of motion to dismiss an amended complaint for failure to state a cause of action. Opinion on original motion, 129 Misc. 837.

*James McCall,* for the defendants,.for the motion.

*Floyd W. Annabel,* for the plaintiffs, opposed.

THOMPSON, J. Upon resubmission of the motion plaintiff contends that this is not a judgment creditor's action under the Civil Practice Act but a creditor's action under sections 278 and 279 of the Debtor and Creditor Law (added by Laws of 1925, chap. 254), which are as follows:

" § 278. Rights of creditors whose claims have matured. 1. Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser,

" a. Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

" b. Disregard the conveyance and attach or levy execution upon the property conveyed.

" 2. A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment.

" § 279. Rights of creditors whose claims have not matured.

Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured, and the court may,

" a. Restrain the defendant from disposing of his property.

" b. Appoint a receiver to take charge of the property,

" c. Set aside the conveyance or annul the obligation, or

" d. Make any order which the circumstances of the case may require."

The complaint in this case does not conform to either of these sections. The notes upon which judgment is asked are past due; hence section 278 only applies, plaintiffs' claim having already matured. The prayer for relief by way of lien, receivership and injunction is provided for in section 279, but only in cases where the claim in suit has not matured. The amendment does, however, supply a remedy heretofore unavailable in these actions, wherein it authorizes direct attachment of and levy upon real estate held by a fraudulent grantee, in the suit of a creditor of a fraudulent grantor. While one might be led to assume the contrary in the use made of the terms " conveyance " and " real property " by some text writers, a reading of the decisions they cite discloses that only in the case of fraudulent transfers of personal property has a levy or attachment at the hands of a creditor upon such property so held by such a transferee been heretofore sustained in this State. (27 C. J. 707, 708; *Rinchey* v. *Stryker*, 28 N. Y. 45; 31 id. 140; 6 C. J. 205; *Hess* v. *Hess*, 117 N. Y. 306; Civ. Prac. Act, § 913.)

It will be seen that section 278 is the one under which this action must be brought, plaintiffs' claims having matured before the beginning of the action. Nothing in this section changes the rule in actions of this sort that before equity can be invoked it must be established that plaintiff has no adequate remedy at law. And relief will not be granted without a judgment or an attachment unless they be impossible of attainment. Nor is proof of insolvency enough to excuse the lack. (12 R. C. L. 630; *Beardsley Scythe Co.* v. *Foster*, 36 N. Y. 561; *McNeal* v. *Hayes Machine Co.*, 118 App. Div. 130, 135.)

But the section itself in subdivision b provides an appropriate and complete legal remedy for the plaintiff in this case. He may attach the real property if it was fraudulently conveyed, although both its title and possession are in the grantee. Surely this is an adequate remedy at law, and until its inadequacy is established plaintiff has no standing in equity. Neither can it be urged that the granting of the two remedies provided in section 278, thereby giving a suitor a choice, operates to abrogate the familiar rule

above mentioned, and so long held to be essential to actions of this sort. As before pointed out, nothing in this section takes the place of or makes unnecessary the establishment by plaintiffs in such cases of the absence of an adequate remedy at law.

Neither upon consideration of the new questions suggested or upon a reconsideration of the whole case do I find reason to change the conclusion heretofore reached. However, the order must provide that plaintiffs shall have ten days in which to obtain and serve a warrant of attachment, in case they are so advised, and to serve an amended complaint. (Civ. Prac. Act, § 818.)

Defendants' costs before a notice of trial and costs of this motion are hereby awarded to defendants, the payment of which is made conditional upon the amendment; otherwise the complaint is dismissed, with costs.

So ordered.