George A. Brenner, J.
Plaintiff moves under rule 113 of the Rules of Civil Practice for an order striking out defendant’s answer, and for summary judgment upon a complaint which sets out two causes of action.
The complaint alleges that plaintiff had previously sued defendant in the Supreme Court (the nature of which action does not appear), that the action was settled by stipulation in writing dated May 19, 1953, to the effect that the rents, income, profits and disbursements of certain realty should be received by defendant in the first instance, who would pay for repairs, taxes, insurance and the like, and account for and remit to plaintiff one half the balance upon semiannual verified statements of account, that a slightly different arrangement should prevail after May 1, 1954, as to the payment of expenses and the division of any balance, that an unverified statement was rendered in May, 1954, but that the balance shown to be due plaintiff of $165.78 has not been paid, that a further statement was due November 1, 1954, and has not been furnished, nor has any payment been made on account, and that plaintiff believes $225 to be due from November 1, 1954. Plaintiff’s demand is for judgment for $165.78 on her first cause of action, for $225 on her second cause of action, ‘ ‘ together with an accounting of rent, income, profits and disbursements for the period May 1, 1954 to November 1, 1954.”
The answer is a general denial, with one affirmative defense that defendant rendered a statement on or about May 20, 1954, showing $165.78 due plaintiff, that defendant offered to pay that sum, that plaintiff refused it, and that repairs which must be made now exceed in cost the total of all rents collected since May 19, 1953.
The gist of this controversy is the performance or nonperformance of the stipulation of settlement in the prior action. Both plaintiff’s causes of action arise from the stipulation; her right to semiannual statements and remittances flows expressly from its terms. "While she asks damages for failure of per *12 formance on the law dates, she does not plead a truly liquidated sum, relying upon an unverified (and presumably unsatisfactory for that reason) statement for the May 20, 1954, balance due, and a mere belief that $225 was due November 1, 1954, when no statement at all was furnished. She does not really know what is due at any time. What she really seeks is the accounting, and payment of any balance then seen to be due, in that order, for it cannot be intelligently done in any other way. By the same reasoning, she has only one cause of action, for past due accounts and derivative payments. It is artificial to make two causes of action out of all this.
There is only one cause of action here, and it is for an accounting. “ This action is brought to compel defendant to render accounts of monies received by said defendant for the benefit of his mother, the plaintiff, and to compel said unworthy son to render accounts of his stewardship, including collections and disbursements ”. The Old Testament tone of these remarks cannot hide the nature of this action. “ The transaction must be judged by its real character, rather than by the form and color which the parties have seen fit to give it ”. (Quackenbos v. Sayer, 62 N. Y. 344, 346.) Given a fiduciary relationship, accounting is the proper remedy against one handling the money of another. (Tyndall v. Pinelawn Cemetery, 198 N. Y. 217, 220; Rubinstein v. Small, 273 App. Div. 102, and cases cited at p. 104.) And accounting between fiduciaries is an equitable remedy, historically administered in courts of chancery.
The County Court is a court of limited jurisdiction, defined by law (N. Y. Const., art. VI, § 11; Civ. Prac. Act, § 67). It has jurisdiction over some actions equitable in nature, expressly granted by statute (Civ. Prac. Act, § 67, subd. 1) generally relating to real property within the county, such as “ to procure a judgment requiring a specific performance of a contract relating to real property ”.
While it may be arguable that the stipulation of séttlement amounts to a contract relating to the realty, which could be specifically performed by an appropriate decree in equity, I think the grant of jurisdiction must be strictly construed, and not enlarged. (See Thomas v. Harmon, 122 N. Y. 84, and Backo v. Watrous, 206 Misc. 67.) For example, an option for a lease on realty could not be specifically enforced in a County Court. (Armstrong v. Shapiro, 207 App. Div. 304.) I say therefore, that the specific performance jurisdiction of this court cannot, and does not, include this type of controversy, as specific performance is ordinarily understood by courts and lawyers.
*13 It is my opinion that this court is without jurisdiction of the cause of action pleaded. For this reason, I deny, without prejudice, the motion made by plaintiff under rule 113.
An application can be made in the Supreme Court to remove this action. (Civ. Prac. Act, §§ 110, 110-a.) If either party makes such an application within thirty days, this action and all proceedings in it, by either party are stayed for a like period. If no such application is made, this court will then entertain a motion to dismiss for lack of jurisdiction over the subject matter. Settle order on notice.