Robert E. Dempsey, J.
Plaintiff sued defendant to recover $2,000 alleged to have been advanced by plaintiff for the partnership and on behalf of the same. Defendant, in addition to denying the alleged partnership agreement, has interposed an affirmative defense plus several counterclaims.
The case appeared on the Nonjury Trial Calendar of the County Court in June, 1965. It was adjourned upon the court’s own motion to review the nature of the action as to whether jurisdiction of this cause was rightfully in the County Court or that the parties should seek relief in the proper tribunal. The adjournment to July 29, 1965 was to afford counsel the opportunity to submit briefs on this matter. None have been received.
The test of jurisdiction of a cause must be resolved by the nature of the action. Though the prayer for relief seeks recovery of purported money damages, the documentation of jurisdiction stands or falls upon the factual allegations in the complaint (Overland v. Le Roy Foods, 113 N. Y. S. 2d 124, affd. 279 App. Div. 1085), and that is true even though the complaint is inartistically pleaded (CPLR 103, subd. [c]).
For resolution is the question whether the complaint is based in equity or at law. Distinctions in pleadings on equity and law actions have been abolished by the Legislature (CPLR 103). Jurisdictional questions of equity actions, however, persist. The County Court is a court of limited equity jurisdiction with such powers therein as are set forth in section 11 of article VI of the Constitution of the State of New York (eff. *963 Sept. 1, 1962) and implementing legislation set forth in section 190 of the Judiciary Law of the State of New York, which amplified subdivision c of section 11 of article VI of the Constitution. Before the 1962 constitutional amendments, the area of equitable jurisdiction was discussed in Collesion v. Collesion (2 Misc 2d 10).
The instant action is as heretofore stated, a suit by one partner against another. The pleading is replete with reference (pars. “Second, Third, Fourth, Fifth and Sixth”) with claim of a partnership and an advance for the benefit of the partnership. It is almost universally recognized that, absent statutory authorization, one partner may not maintain an action at law based upon partnership transactions which involves an accounting of the partnership affairs until there has been a final settlement of the business of the partnership. In the absence of an accounting, one partner cannot maintain a suit at law for contributions for advances made by him to the firm, of for money paid on debts (or assumption of obligations as herein alleged) settled by him for the firm out of his private funds. Breach of special covenants may give rise to law actions under special circumstances, but these are not here present. (Cf. 40 Am. Jur., pp. 457, 460, n. 5; pp. 473, 480.)
This is an equity action before our court. This court does not have jurisdiction of the dissolution and accounting of partnerships. The procedures set forth in CPLR 325 should be utilized for removal of the case to the proper forum. All proceedings on said cause shall be stayed so that either party may make an application for removal. The application should be made in 30 days. If no such application is made, this court will then entertain a motion to dismiss for lack of jurisdiction over the subject matter.