Allen M. Myers, J.
The plaintiff, a judgment creditor of Baby Post, Inc., has brought an action in this court against Mother’s Manual, Inc., and Kratz, its president, on the theory that a transfer by Baby Post, Inc., to Mother’s Manual, Inc., of Baby Post’s “ subscription list, magazine, advertising contracts, and right to sell advertising ’ ’ was a fraudulent conveyance proscribed by article 10 of the Debtor and Creditor Law in that it was made by Baby Post while it was insolvent without a fair consideration in violation of section 273' of the Debtor and. Creditor Law. The complaint seeks a money judgment in lieu of the relief provided for under section 278 of the Debtor and Creditor Law to set aside the fraudulent conveyance.
The court finds that, although the plaintiff demands only a money judgment, the complaint is grounded upon a statute which both in origin and upon principle is equitable in character.
‘ ‘ The law of fraudulent conveyances and transfers is based upon the theory that the assets or resources of the debtor *226 constitute a fund out of which the creditors have the right to be paid, and it therefore embraces within its purview any business affair or transaction which places beyond the reach of creditors property from which their claims might otherwise be satisfied. [Booth v. Bunce, 33 N. Y. 139]. ” (24 N. Y. Jur., Fraudulent Conveyances, § 7, p. 399.)
‘ ‘ The Uniform Fraudulent Conveyance Act * * * is, in the main, declaratory .of the rules which existed at the time of its adoption; it may be said to be a restatement of the statute of 13 Elizabeth. ” (24 Am. Jur., Fraudulent Conveyances, § 5, p. 165.) ■
“ The object of these provisions of the act is to enable the creditor to obtain his due despite efforts on the part of the debtor to elude payment, and, in furtherance of the legislative mandate and in accordance with the powers of a court of equity, it has been declared that no devise is so circuitous that it can avoid pursuit by its searching principles ” (emphasis supplied). (24 N. Y. Jur., Fraudulent Conveyances, § 3, p. 395.)
It is well settled that the Civil Court has no general equity jurisdiction except as specifically provided by statute. (N. Y. Const., art. VI, § 15, subd. b; CCA, art. 2; Petrides v. Park Hill Rest., 265 App. Div. 509; Atlantic Terra Cotta Co. v. Peter Guthy, Inc., 138 Misc. 76; Schwartzreich v. Beauman, 112 Misc. 464.)
While neither of the parties to this action has raised the jurisdictional question, jurisdiction cannot be given by consent of the parties. (Norman S. Riesenfeld, Inc., v. R. W. Realty Co., 127 Misc. 630.) Nor does consent confer jurisdiction over subject matter of an action without the jurisdiction of the court. (Nowinski v. La Monte, 168 Misc. 586.)
The mere fact that the complaint demands a judgment for a Knm of money only does not alter the equitable nature of the action. See Davis v. Wilson (150 App. Div. 704), where Dowling, J., speaking for the court, said: (706) “ While the nature of the relief demanded does not necessarily determine the character of the action, the judgment demanded by the complaint herein is for a sum of money only, and for no equitable relief whatever. This, however, is but the logical conclusion of the pleading * * * . Such an individual action at law cannot be maintained, for her only relief is a representative action in equity. ’ ’
In an action to set aside a fraudulent conveyance, a money judgment may be granted only as incidental relief .to an action in equity. As stated by the Court of Appeals in the case of Valentine v. Richardt (126 N. Y. 272. 277):
*227 “It is a familiar principle that a court of equity, having obtained jurisdiction of the parties and the subject-matter of the action, will adapt its relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff and give him a personal judgment therefor when that form of relief becomes necessary in order to prevent a failure of justice and when it is for any reason impracticable to grant the specific relief demanded. ”
“ It is a proposition of universal application that courts of law never take cognizance of cases in which the primary right * * 0 to be maintained, or the violation of which is sought to be redressed, is purely equitable, unless such power has been expressly conferred by statute”. (1 Pomeroy’s, Equity Jurisprudence, § 137, p. 188.)
Under the circumstances, the cause of action grounded upon article 10 of the Debtor and Creditor Law, entitled Fraudulent Conveyances, is dismissed without prejudice to the right of the plaintiff to bring such an action in the proper tribunal, if it feels so inclined.
The first cause of action may be interpreted as an action at law for conversion although conversion was not urged by plaintiff at the trial or in its briefs. However, for the purposes of this action, the court will so treat it. The court finds that there has been no proof of conversion and the cause of action in conversion, if it were intended to be so pleaded, is dismissed on the merits. Judgment for defendants.