Richard S. Lane, J.
This action tried before me without a jury illustrates interesting aspects of the interrelationship of the repealed Stock Corporation Law, the new Business Corporation Law, and the continuing Debtor and Creditor Law. The facts are substantially uncontroverted.
The individual defendants were the sole officers and directors and defendant, Ben Dinerstein, was the sole stockholder of Bendyne Products, Inc., a corporation formed to market a *683 deodorizing spray lotion called “ Living Steps.” Plaintiff furnished certain supplies and services to Bendyne Products, Inc., and on April 20, 1966, commenced an action in this court to recover therefor. A decision was rendered in plaintiff’s favor in the amount of $5,894.88 on October 2, 1967; judgment was entered on October 24, 1967; and the judgment was affirmed on appeal in 1968. No part of the judgment has been paid or satisfied.
On March 31, 1967, while said action was still pending and at a time when Bendyne Products, Inc., had ceased to do business and was concededly insolvent, Ben Dinerstein caused its inventory of cans of “Living Steps,” having a book value of $4,710, to be transferred to himself in partial satisfaction of loans made by him to the corporation. In turn Ben Dinerstein transferred the inventory to defendant Bendyne Ltd., another corporation controlled by him. Thereafter on October 18, 1967, after the decision in plaintiff’s favor but before judgment, Ben Dinerstein wrote himself a check for $1,000 on Bendyne Products, Inc. account in further partial satisfaction of his loans. This check more than exhausted the account and he was later required to return $237 of it to the bank.
The instant action is an attempt by plaintiff to recover $5,710 on the theory that said transfers were fraudulent and in violation of the Debtor and Creditor Law and the Business Corporation Law. The defense is that said transfers were made for fair consideration, to wit, the reduction of loans. Plaintiff attacks these loans as being in reality capital contributions.
Without deciding, plaintiff has certainly made a strong showing of violation of either or both section 273 and section 276 of the Debtor and Creditor Law (Duberstein v. Werner, 256 F. Supp. 515 [E. D. N. Y., 1966]; Beol, Inc. v. Dorf, 22 Misc 2d 798, affd. 12 A D 2d 459, app. dsmd. 9 N Y 2d 963). However, as has been so ably expounded by my colleague, Hon. Axu&n Murray Myers, relief under these sections is equitable in nature and beyond the jurisdiction of this court, even though the complaint demands a judgment for a sum of money only (Circulation Assoc. v. Mother’s Manual, 53 Misc 2d 225).
Likewise, without deciding, plaintiff has certainly made a strong showing of a violation of section 15 of the Stock Corporation Law (Caesar v. Bernard, 156 App. Div. 724, affd. 209 N. Y. 570; Minkoff v. Lionell, 11 Misc 2d 486; Trustees of Masonic Hall v. Fontana, 99 Misc. 497). The Stock Corporation Law having been repealed as of September 1, 1967, was still on the books at the time of the transfer of the inventory herein although not at the time of the writing of the $1,000 *684 check. However, by virtue of section 103 (snbd. [a]) of the Business Corporation Law (eft. Sept. 1, 1963), it was rendered inapplicable except as to corporations formed under special laws such as banking corporations, insurance corporations, railroad corporations, etc. Its later total repeal reflected interim anticipated revisions to these special laws.
Now turning to the Business Corporation Law, I find that the wheel has come full round to plaintiff’s grief. The substance of section 15 of the Stock Corporation Law was deliberately omitted from the Business Corporation Law as already adequately covered in the Debtor and Creditor Law (see McKinney’s Cons. Laws of N. Y., Book 6; Business Corporation Law, vol. 2, Appendix 1, p. 469). To the extent that any vestiges of section 15 of the Stock Corporation Law remain in the Business Corporation Law, they are to he found in sections 719 and 720 thereof. These sections do provide for actions against defaulting directors and officers under certain circumstances, but such actions are by or for the benefit of the corporation and again are clearly equitable in nature (see Schwartzreich v. Beauman, 112 Misc. 464).
It is certainly a distressing result that ancient distinctions between King and Chancellor should reach into the year 1970 to bedevil plaintiff who, after a full trial, has shown himself undoubtedly entitled to a recovery well within the monetary limits of this court. Such, however, is a legislative argument, and I am without power to grant plaintiff any relief.
Accordingly, plaintiff’s causes of action are dismissed without prejudice to a renewal thereof before a proper tribunal.