Arnold W. Proskin, J.
This matter having come before the court by an order to show cause and argument having been heard at an adjourned Special Term of court, it is the determination of the court that no relief may be granted to movant Boyle, because this court lacks subject matter jurisdiction over the matter which the movant seeks stayed.
The facts are uncomplicated. Movant Boyle owned a truck which required repairs. He took it to respondent Fruehaufs repair shop where, according to the papers before me, substantial work was done. When the time to pay arrived, however, disputes arose as to the authority of Fruehauf to do all of the work accomplished, the quality of workmanship, and the fair and reasonable value of the work done. Fruehauf proceeded to enforce its statutory prerogatives under article 9 of the Lien Law and sent Boyle a notice of sale, pursuant to section 201 of the Lien Law. Ten days before the scheduled sale of Boyle’s truck, Boyle sought and obtained an order to show cause, directing the lienor to show cause why the sale should not occur. Upon oral argument and a review of the affidavits, in support and opposition to the motion, it appears that this court has no jurisdiction to prevent the sale, though disposed to do so.
The County Court is, pursuant to our Constitution and the Judiciary Law, a statutory court of limited jurisdiction. (See Judiciary Law, § 190; NY Const art VI, § 11.) By specific *156 provision of law, I have jurisdiction over foreclosures of the type herein in amounts up to $6,000. The instant case involves a greater sum. Counsel for Boyle argued persuasively that equitable relief should be fashioned in this case, as for example, staying the sale, allowing Boyle to post a bond to secure Fruehauf against its claim and costs incurred to arrange for the sale, and a summary hearing to determine the factual issues. I find, however, that this court has no inherent equitable powers, such as those enjoyed by the Supreme Court and is therefore, lacking subject matter jurisdiction. I must deny all relief sought, without costs. (See, generally, Collesion v Collesion, 2 Misc 2d 10; Backo v Watrous, 206 Misc 67.)