OPINION OF THE COURT
John Copertino, J.
The plaintiff, Walter Michalski, and the defendant, Noah Home Improvement & Construction Corporation, entered into a written contract on or about September 17, 1984, whereby the defendant agreed to construct an addition on plaintiff’s residence. Subsequently, a disagreement occurred between the parties. As a result of this disagreement, the plaintiff commenced an action in Suffolk County District Court, Small Claims Part, to recover a deposit of $1,000 which he gave to the defendant at the time the contract was executed. The plaintiff has since served an amended and supplemental complaint adding a second cause of action to rescind the contract. The plaintiff now moves in this court for an order removing and transferring the action from the District Court, Small Claims Part, to the County Court, on the ground that District Court does not have jurisdiction to grant the relief of rescission.
CPLR 325 (b) states “Where it appears that the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled, a court having such jurisdiction may remove the action to itself upon motion.” Therefore, two requirements must be satisfied before this court can grant the motion to transfer: (1) the District Court must lack jurisdiction to rescind a contract, and (2) County Court must have *902 jurisdiction to rescind a contract. If either of these is lacking, then the motion to transfer the cause of action must be denied.
“An action of rescission is purely of equitable cognizance. It seeks a decree of the court directing the cancellation of a written instrument.” (5 Fiero, Particular Actions and Proceedings, State of New York, at 504 [1929].) Accordingly, this court will first determine whether County Court has equity jurisdiction.
The County Court is, pursuant to the Constitution of New York and the Judiciary Law, a court of limited jurisdiction. (Fruehauf Div., Fruehauf Corp. v Boyle, 84 Misc 2d 155 [1975].) NY Constitution, article VI, § 11 (b) provides that County Court shall exercise such equity jurisdiction as may be provided by law. The equity jurisdiction so far conferred by the Legislature has been primarily in realty actions. Judiciary Law § 190 specifies that County Court has jurisdiction in actions for specific performance of a contract relating to real property and for reformation or rescission of a deed, contract, or mortgage affecting real property. In the present case, the cause of action to rescind the contract would therefore come within County Court’s limited equitable jurisdiction if it is a contract “affecting real property.” The term “affecting real property”, however, is not clearly defined or explained in the Judiciary Law. Courts appear to have taken a case-by-case approach, relying on the facts of a particular case to make a determination. A case involving the rescission of a mortgage and certain other relief including incidental damages has been found to come within the County Court’s jurisdiction (Saraceni v Maiatico, 20 Misc 2d 544 [I960]), as has a case involving the enforcement of a deed covenant. (Starkey Point Prop. Owners’ Assn, v Wilson, 96 Misc 2d 377 [1978].) But County Court has been found lacking in sufficient equity jurisdiction to reform a release arising out of an automobile accident (Jersey Ins. Co. v Parrish, 33 NYS2d 440 [1942]), and also lacking in jurisdiction to dissolve a partnership agreement. (Weiser v Burick, 47 Misc 2d 962 [1965].)
In searching for an explanation of the term “affecting real property”, this court has found that CPLR 507 uses similar language. CPLR 507 provides, “The place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated.” Case law has developed under CPLR 507 interpreting the term “affecting title to real property”, and although these cases are not controlling, they are helpful in clarifying the types of actions that “affect real property”. The following causes of action have *903 been found to “affect real property”: an action involving a demand to reconvey property purchased with misappropriated funds (Dair Bldg. Constr. Co. v Mayer, 27 AD2d 535 [1966]); an action in which title to property was found unmarketable and the plaintiff sued for return of a down payment (Merrill Realty Co. v Harris, 44 AD2d 629 [1974]); a stockholder’s derivative action which sought to compel defendants to reconvey to the corporation certain real property (Winston v Krinsky, 30 AD2d 524 [1968]); and an action on a promissory note in which the defendants counterclaimed to cancel a real property mortgage securing the note (Sterling Commercial Corp. v Bradford, 32 AD2d 952 [1969]). The cases have drawn the distinction that the mere fact that title is involved in an action does not necessarily mean title will be affected. (See, Nassau Hotel Co. v Barnett, 164 App Div 203 [1914].)
Similarly, the fact that a contract in some way involves real property does not necessarily mean it is a contract “affecting real property.” In the case at hand, the contract is simply for work, labor, services, and materials. Although it tangentially involves the plaintiff’s real property, it does not appear at this point to “affect real property” within the meaning of Judiciary Law § 190. Therefore, the cause of action to rescind the contract does not fall under County Court’s limited equity jurisdiction, and because one of the requirements needed to satisfy CPLR 325 (b) is missing, this court cannot transfer this action.
Accordingly, this motion is denied.