OPINION OF THE COURT
Peter Dounias, J.
The plaintiff, St. Johnland Nursing Home, Inc., moves for an order permitting it to serve an amended summons and amended verified complaint. The plaintiff commenced this action to recover funds allegedly due and owing from defendant, Rochelle Perlman, and incurred when defendant’s father, Salvatore Melita, was a resident in plaintiff’s nursing home. The original complaint set forth two causes of action, one upon the written contract, and the second upon the account stated; it demanded a judgment against the defendant in the sum of $21,200.25.
The plaintiff now requests leave to add two additional causes of action. The third cause of action in the proposed amended verified complaint states in part that "Salvatore Melita had assets of a total value of $87,381.82” and that the defendant Rochelle Perlman, "with the intent and purpose of *1049 hindering, delaying and defrauding Salvatore Melita’s creditors, including the plaintiff, did cause Salvatore Melita’s assets to be assigned and transferred to the said defendant herself’, and that "each and every one of such assignments and conveyances were made without any consideration therefore.” The fourth cause of action in the proposed complaint alleges in part: "that at the time the defendant Rochelle Perlman made each and every such conveyance * * * Salvatore Melita was insolvent”, and that the "defendant knew that he would incur debts beyond his ability to pay as they matured.”
The plaintiff also requests additional relief in the proposed amended complaint. It requests, inter alia: "[a] judgment * * * that the said transfers and conveyances * * * be adjudged and decreed to be null and void and to have been fraudulent and void as to the plaintiff and the other creditors of said deceased * * * and that a receiver be appointed to collect and take possession of all moneys received by the defendant from or on behalf of Salvatore Melita * * * [and] that defendant be restrained from selling, disposing of or encumbering any of said property which remains in her possession.” The court notes other changes between the original summons and complaint and the proposed amended summons and amended verified complaint that appear inconsistent and unsupported. Specifically, the amount of the judgment in the proposed amended summons is different from the amount listed in the original summons. In addition, there are unexplained variations of dates stated in the proposed amended verified complaint and the original complaint, particularly in the paragraphs numbered 7 and 12.
Generally, leave to amend pleadings should be freely given. (CPLR 3025 [b]; McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755.) However, "[i]t is also fundamental that the court must have jurisdiction of the subject matter of the cause of action before it can direct an amendment.” (6 Carmody-Wait 2d, NY Prac § 34:16, at 21 [1986 Cum Supp].) The determination of jurisdiction of a cause must be resolved by the nature of the action. (Weiser v Burick, 47 Misc 2d 962.) While neither party has raised a subject matter jurisdiction question, "jurisdiction cannot be given by consent of the parties * * * Nor does consent confer jurisdiction over subject matter of an action without the jurisdiction of the court.” (Circulation Assocs. v Mother’s Manual, 53 Misc 2d 225, 226.) Accordingly, it is necessary to determine whether *1050 County Court has subject matter jurisdiction over the proposed amendments.
The plaintiff appears to be moving under article 10 of the Debtor and Creditor Law. The statutory provisions of article 10 are remedial and should be given liberal construction to accomplish its purpose of providing a creditor with complete and speedy relief against a fraudulent debtor. (See, Leifer v Murphy, 149 Misc 455.) "The fraudulent conveyance provisions of the Debtor and Creditor Law afford a creditor specific remedies according to whether his claim has or has not matured.” (30 NY Jur 2d, Creditors’ Rights and Remedies, § 350.) In general, where a conveyance is fraudulent as to a creditor whose claim has matured, such creditor may "[h]ave the conveyance set aside or obligation annulled * * * 0r * * * attach or levy execution upon the property conveyed.” (Debtor and Creditor Law § 278.) Where a conveyance is fraudulent as to a creditor whose claim has not matured, a court may, pursuant to Debtor and Creditor Law § 279:
"a. Restrain the defendant from disposing of his property.
"b. Appoint a receiver to take charge of the property,
"c. Set aside the conveyance or annul the obligation, or "d. Make any order which the circumstances of the case may require.”
The plaintiff seems to be seeking the relief provided in section 279, since it requests that a Receiver be appointed and that the defendant be restrained from disposing of the property. However, the plaintiff has claimed that this debt is "due and owing”. The claim would therefore appear to be matured. A creditor with a matured claim cannot maintain an action under section 279 of the Debtor and Creditor Law. (See, Zimmerman v Merriman, 130 Misc 163.)
Additionally, the plaintiff requests a judgment declaring conveyances by the defendant to be null and void. This relief is provided to a creditor with a mature claim under section 278. However, courts have found that this statute is based both in origin and upon principle of an equitable nature. (See, Circulation Assocs. v Mother’s Manual, 53 Misc 2d 225, supra; Krauss v Dinerstein, 62 Misc 2d 682.) "The object of the law is to enable the creditor to obtain his due despite efforts on the part of the debtor to elude payment, and, in furtherance of the legislative mandate and in accordance with the powers of a court of equity, it has been declared that no device is so circuitous that it can avoid pursuit by its searching princi *1051 pies.” (30 NY Jur 2d, Creditors’ Rights and Remedies, § 233; emphasis added.)
Courts with no general equity jurisdiction, such as Civil Courts of the City of New York, have found that they lack the subject matter jurisdiction to set aside a fraudulent conveyance under article 10 of the Debtor and Creditor Law. (See, Circulation Assocs. v Mother’s Manual, 53 Misc 2d 225, supra; Krauss v Dinerstein, 62 Misc 2d 682, supra.) The County Court is, pursuant to the Constitution of New York and the Judiciary Law, a court of limited jurisdiction. (Fruehauf Div., Fruehauf Corp. v Boyle, 84 Misc 2d 155; Matter of Michalski v Noah Home Improvement & Constr. Corp., 128 Misc 2d 901.) Article VI, § 11 (b) of the NY Constitution provides that County Court shall exercise such equity jurisdiction as may be provided by law. The equity jurisdiction so far conferred by the Legislature has been generally limited to actions affecting real property. (See, Matter of Michalski v Noah Home Improvement & Constr. Corp., 128 Misc 2d 901, supra.) An action to have a conveyance set aside or declared null and void, since equitable in nature, is beyond County Court’s limited equity jurisdiction.
Accordingly, the plaintiffs motion for an order permitting it to serve the proposed amended summons and proposed amended verified complaint and for an order changing the caption in this matter to conform to the caption in the proposed amended summons and proposed amended verified complaint is denied.