■ ANTHONY PISANO, Appellant, v FREDERICK A. TUPPER, JR., et al., Respondents, et al., Defendant.—Mikoll, J. P. Appeal from an order of the County Court of Saratoga County (Williams, J.), entered April 17, 1992, which, inter alia, granted a motion for summary judgment by defendants Frederick A. Tupper, Jr. and Frederick A. Tupper, Sr.

On February 8, 1989, Monique Pagoda obtained a $10,516 judgment in Supreme Court in her favor against defendant Frederick A. Tupper, Jr. Tupper, Jr. conveyed a farm located in the Town of Saratoga, Saratoga County, by a deed dated February 11, 1989 to his father, defendant Frederick A. Tupper, Sr. The judgment was recorded on February 14, 1989 and the deed was recorded on February 21, 1989. On or about February 18, 1989, counsel for Pagoda instructed the Sheriff of Saratoga County to levy upon the farm. Notice of the Sheriff's sale scheduled for May 31, 1989 was served on Tupper, Jr., Tupper, Sr. and defendant Glens Falls National Bank and Trust Company, mortgagee of the farm. On May 30, 1989, Tupper, Jr. filed an undertaking in the sum of $10,500 with the Saratoga County Clerk's office. Pagoda's counsel filed a

notice of exception dated May 31, 1989. Plaintiff purchased the property at the Sheriff's sale on May 31, 1989 for $5,000.

Subsequently, plaintiff brought the instant RPAPL article 15 action to, *inter alia,* quiet title. Tupper, Jr. and Tupper, Sr. (hereinafter collectively referred to as defendants) failed to serve an answer. Plaintiff obtained a default judgment in County Court. Defendants then moved to vacate the default judgment and for permission to serve an answer. The motion was granted and, upon appeal, this Court affirmed County Court's order (177 AD2d 886). Defendants answered and asserted a counterclaim to quiet title in their favor.

Defendants moved, *inter alia,* for summary judgment. Plaintiff cross-moved for summary judgment. In its written decision, County Court found that "effective notice of the undertaking was received by [plaintiff's counsel] and very likely, [plaintiff]". The court further concluded that, "Given the facts of this case, this court will not force the defendants to lose an $80,000 home for $5,000 because their undertaking was technically imperfect." County Court went on to hold that equity dictated that the Sheriff's deed be set aside and title placed in Tupper, Sr. Further, County Court granted defendants' motion for summary judgment, denied plaintiff's motion for summary judgment, declared Tupper, Sr. to be the lawful owner of the farm and extinguished any claim which plaintiff had or may have to the farm.

Plaintiff's first contention, that the order of County Court should be reversed because it was based on equitable considerations and County Court lacked equitable jurisdiction to set aside a Sheriff's sale and deed, is without merit. Plaintiff's action seeks relief pursuant to RPAPL article 15, as does defendants' counterclaim. Judiciary Law § 190 (1) grants equity jurisdiction to County Court in actions "to compel the determination of a claim to real property under [RPAPL article 15], where the real property to which the action relates is situated within the county" (Judiciary Law § 190 [1]; *see, Matter of Hill v Marks,* 124 AD2d 445, 446; *see also, St. Johnland Nursing Home v Perlman,* 134 Misc 2d 1048, 1051).

Plaintiff's next claim, that County Court erred in setting aside the Sheriff's sale because proof of inadequate price alone without proof of fraud or overreaching is not sufficient to entitle defendants to relief setting aside the Sheriff's sale *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 521), is rejected. In our view County Court properly set aside the Sheriff's sale, but on slightly different grounds. We find that the sale price

of $5,000 for this $80,000 farm, which is only 1/16 of its value, is so grossly inadequate that it shocks the conscience of the court *(see, Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602, 603; *Harbert Offset Corp. v Bowery Sav. Bank,* 174 AD2d 650, 651; *see also, Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 407-408) and defendants are entitled to recovery as a matter of law *(see, supra; see also, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Even considering the $9,200 mortgage that reportedly was on the premises at the time of the transfer in February 1989 from Tupper, Jr. to Tupper, Sr., the $5,000 price paid at the Sheriff's sale plus the mortgage balance totaled $14,200 representing, at most (the unpaid balance of the mortgage is not indicated in the record), less than 20% of the $80,000 value of the farm home. Further, there is evidence that the office of Pagoda's counsel had notice of the $10,500 on deposit with the County Clerk to satisfy the Pagoda judgment prior to the Sheriff's sale and that as a result of the cash deposit defendants had no further financial resources with which to bid for the property at the sale.

Plaintiff's argument that defendants should be denied equity because of "unclean hands" is not supported by the evidence. Accordingly, the order of County Court should be affirmed.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.