Shore View Acquisition I, LLC, Doing Business as Shore View Nursing and Rehabilitation Center, Respondent, 
against
Sarah Vacaro, Appellant.




Sarah Vacaro, appellant pro se.
Angela C. Bellizzi and Anjana Nair of counsel, for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered August 29, 2016. The order denied defendant's motion to dismiss the complaint and granted plaintiff's cross motion for summary judgment.




ORDERED that the order is reversed, without costs, defendant's motion to dismiss the complaint is granted and plaintiff's cross motion for summary judgment is denied.
Plaintiff, which owns and operates the Shore View Nursing and Rehabilitation Center (Shore View), seeks in this action to recover the principal sum of $6,000 from defendant for services it rendered to defendant's aunt, decedent Mimi Lizio, who had resided at Shore View from June 2013 through September 22, 2013, and died on November 7, 2013. In the verified complaint, plaintiff alleged that, while Lizio had been a resident at Shore View, she had owned an interest in certain real property (the premises), which interest she had subsequently transferred to defendant for "unfair consideration or for no consideration," and that such transfer had rendered Lizio insolvent and had prevented plaintiff from recovering monies it was owed from Lizio. In its first cause of action, plaintiff alleged, upon information and belief, that defendant had intended to defraud plaintiff. In its second cause of action, plaintiff claimed that, by reason of Lizio's transfer to defendant of her interest in the premises, under article 10 of the Debtor and Creditor Law, defendant was liable to plaintiff for $6,000. Defendant interposed a general denial and moved to dismiss the complaint. Plaintiff opposed defendant's motion and cross-moved for summary judgment. The Civil Court denied defendant's motion, granted plaintiff's cross motion, and directed the clerk to enter judgment in favor of plaintiff in the principal sum of $6,000.
Plaintiff's first cause of action consists of a conclusory allegation of fraud (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]) based upon "information and belief" (see Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [2015]), and fails to plead the elements of common law fraud (see Carlson v American Intl. Group, Inc., 30 NY3d [*2]288, 310 [2017]) or to include any specifics of defendant's alleged fraud (see CPLR 3016 [b]). In the papers it submitted in opposition to defendant's motion to dismiss, plaintiff provided a copy of a deed, showing that, on September 27, 2013, Lizio had transferred her interest in the premises to defendant for no consideration, but continued to allege only "on information and belief" that the transfer had rendered Lizio and, ultimately, Lizio's estate, insolvent. The opposition papers thus failed to amplify the complaint to cure the defects of the first cause of action. "[M]ere conclusory language, absent specific and detailed allegations establishing a material misrepresentation of fact, knowledge of falsity or reckless disregard for the truth, scienter, justifiable reliance, and damages proximately caused thereby, is insufficient to state a cause of action for fraud" (Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp., 14 AD3d 678, 680 [2005]). Consequently, pursuant to CPLR 3211 (a) (7), the first cause of action should have been dismissed.
In its second cause of action, plaintiff seeks money damages under Debtor and Creditor Law §§ 270, 273, 275, et seq. However, money judgments are not available for violations of Debtor and Creditor Law §§ 270, 273, 275, et seq. against parties such as defendant (see Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]; see also 30 NY Jur 2d, Creditors' Rights § 446). Consequently, plaintiff's second cause of action should have similarly been dismissed pursuant to CPLR 3211 (a) (7).
We note that Debtor and Creditor Law § 278 (1) provides the statutory remedies for "matured claims": to have a conveyance set aside to the extent necessary to satisfy a claim, or to disregard the conveyance and attach or levy execution upon the property conveyed (see D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 453 [2013]; see also Putnam Nursing & Rehabilitation Ctr. v Bowles, 239 AD2d 479, 481 [1997]). However, as plaintiff does not seek any such remedy in this action, we need not reach the issue of whether the Civil Court has subject matter jurisdiction to award the statutory relief available under Debtor and Creditor Law § 278 (compare Circulation Assoc. v Mother's Manual, 53 Misc 2d 225 [Civ Ct, NY County 1967] [holding that the Civil Court lacks subject matter jurisdiction to grant the equitable relief available under Debtor and Creditor Law § 278], with Talbot Typos. v Tenba, Inc., 147 Misc 2d 922 [Civ Ct, NY County 1990]).
We reach no other issue.
Accordingly, the order is reversed, defendant's motion to dismiss the complaint is granted and plaintiff's cross motion for summary judgment is denied. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2018